## JOHN ALLEN v. THE STATE

No. 9882.     Delivered February 24, 1926.

Rehearing denied March 24, 1926.

**1.—Transporting Intoxicating Liquor—Continuance—Properly Refused.**

Where, on a trial for transporting intoxicating liquor, appellant moved for a continuance on account of the absence of three witnesses, no diligence being shown for two of such witnesses, and the State having shown on the hearing of the motion for a new trial by the affidavit of the witness for whom diligence was shown, that he would not testify to the facts set out in the motion for a continuance, no error is shown in refusing to grant a new trial. Following Shaw v. State, 32 Tex. Crim. Rep. 155, and numerous other cases collated in Branch's Ann. Tex. P. C. 337.

**2.—Same—Continuance—Practice on Appeal—Rule Stated.**

The law does not demand nor authorize reversal of the judgment in every case in which an application for a continuance showing diligence and material testimony is denied. A reversal is demanded only in cases in which the evidence adduced on the trial is such as to impress the appellate court with the conviction that it was reasonably probable that the testimony of the absent witness would result in a verdict more

.favorable to the accused.  Following Corey v. State, 23 Tex. Crim. App. 391 and other cases collated in Branch's Ann. P. C., Sec. 319, subdivision 2.

ON REHEARING

**3.—Same—Continued.**

On rehearing appellant urges that without the use of proper diligence, if on the hearing of a motion for a new trial, it is made to appear that the testimony of the absent witnesses was material, a new trial should be granted.  There may be cases presented where this contention would prevail, but we do not feel called upon to make application of such rule in the instant case.  If appellant deemed the testimony of his two absent witnesses as important as is reflected in his insistence now, he should at least have used some diligence to secure their attendance.

Appeal from the District Court of Titus County.  Tried below before the Hon. R. T. Wilkerson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*John A. Cook* and *J. F. Wilkerson* of Mt. Pleasant, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

At the time of his arrest, the appellant and one Holcomb were riding in an automobile driven and owned by the latter. On the seat between the two, there was one gallon of whiskey, and three half-gallons were found in a suit case situated in another part of the car.  The automobile was traveling upon the public road.  At the time of the arrest, Holcomb said that he was driving a service car and was taking the appellant to Pittsburg.  According to the appellant's testimony, he was a party to a law suit and had gone to Mt. Pleasant at the suggestion of his attorney to consult with a witness; that he went to see the witness in company with Williams and Smith in a Ford car.  After seeing the witness, the car was stopped on account of tire trouble and while waiting for its repair, Holcomb appeared and invited the appellant to ride with him to Daingerfield.  A few moments later, and after he had ridden but a short distance in Hol-

comb's car, the arrest took place. The arrest was made by Chapman, a city marshal, and Cato, a peace officer. According to his testimony, appellant, upon his arrest, said in the presence of the officers that the stuff belonged to Holcomb. He claimed in his testimony that the suit case was opened by Cato with a key which was in a bunch with the one used in starting the car, and that Holcomb admitted the ownership of the keys. He disclaimed any interest in the whiskey or knowledge of its presence.

Chapman testified that the suit case was opened at the jail with keys gotten from the appellant. There was testimony that during the day before the arrest and before appellant got in Holcomb's car, the two were seen in company with each other, and that appellant got in the car and had a suit case with him. Appellant claimed that the suit case found in the car was unlocked at the jail by Cato with keys which belonged to Holcomb, and that a person by the name of Kelly saw this. Kelly was not used as a witness.

Appellant made a motion for a continuance to secure the testimony of Williams, Smith and Cato. No legal diligence was used to secure the attendance of Smith and Williams. Appellant expected to prove by Cato that the bunch of keys, among which was that used in unlocking the suit case, was taken from the switch in the car which belonged to Holcomb and that at the time of the arrest, Holcomb claimed both the whisky and the car, and stated in the presence of Cato and Chapman that the whisky belonged to him.

Attached to the bill of exceptions which was prepared by the court was the affidavit of Cato to the effect that he was present at the time of the arrest of the appellant and Holcomb; that Holcomb did not state that the whisky belonged to him; that after the arrest, Cato rode to the jail with Holcomb and that appellant rode with Chapman in the latter's car; that they were searched at the jail and the key which unlocked the suit case containing the whisky was, according to the best recollection of the witness, taken from the appellant; that the witness did not get the key from the key ring in Holcomb's car, and that the key from that ring was not used in unlocking the suit case. In view of the affidavit of the absent witness Cato showing that he would not give the testimony set out in the motion for a continuance, there was no error in refusing to grant a new trial. See Shaw v. State, 32 Texas Crim. Rep. 155, and numerous other cases collated in Branch's Ann. Tex. P. C., sec. 337. The law does not demand or authorize a reversal of the judgment

in every case in which an application for a continuance show-ing diligence and material testimony is denied. The law demands a reversal only in cases in which the evidence adduced upon the trial is such as to impress the appellate court with the conviction that it was reasonably probable that the testimony of the absent witness would result in a verdict more favorable to the accused. Covey v. State, 23 Texas Crim. App. 391, and other cases collated in Branch's Ann. Tex. P. C., Sec. 319, subdivision 2.

Obviously, when, as in the present case, it appears by the affidavit of the absent witness that he would not give the testimony, this court would not be warranted in holding that in refusing to grant a new trial the trial court abused its discretion. At the time of the trial, the recent law ex-cluding evidence resulting from an unlawful search was not in effect. (See Art. 727a, C. C. P., 1925). The contention based upon that article is not tenable.

Failing to find any error warranting a reversal, the judg-ment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

In his motion for rehearing appellant admits that sufficient diligence to secure the attendance of Williams and Smith was not shown, but urges that a new trial should have been granted by the learned trial judge upon the proposition that if the testimony adduced on the trial showed the absent testimony to be material and probably true a new trial should have been granted although diligence was wanting. (Sec. 319 Branch's Ann. Tex. P. C. and authorities there collated). We think under the present record the application of this principle is not called for. The indictment was returned in January, 1924. The case was not tried until the June term, 1925. Appellant calls his application for continuance his *"First* motion for continuance." In the bill bringing this matter forward for review the court says: "The docket shows that this case has been previously continued by the defendant twice, but no formal application was filed." So it would appears that while the application for continuance may have been the first formal application two continuances had al-ready been secured by appellant, therefore this should be regarded as a subsequent application. The application itself shows no diligence whatever to secure the witnesses Smith and Williams. The only recital found therein which indicates

any effort to secure their attendance is found in the statement following: "The witnesses Tom Smith and Henry Williams, *for which the defendant has made application,*" will testify, etc.   It will be observed there is no statement as to when or to whom application was made, or whether process was ever issued thereon, and if so what became of the process.   It does appear from the bill of exception that on the 14th of January, 1924, application was made to the clerk of the court requesting the issuance of process for Smith and Williams and asking that it be made returnable on the 4th day of February, 1924.   The bill further shows that process was issued for Williams returnable to the January term, 1924, with a notation thereon that the witness was "not located."   Neither the application for continuance nor the bill shows that process was ever issued for Smith.   Neither does it appear that additional process was ever asked for Williams, though the former process showed he had not been served.

Under these circumstances the court does not feel called upon to make application of the rule invoked by appellant.   If he deemed the testimony of these two witnesses as important as is reflected by his insistence now it appears he should at least have used some diligence to secure their attendance.

The motion for rehearing is overruled.

*Overruled.*