GEORGE GORDON CRAWFORD V. STATE

No. 28,904. March 27, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 8, 1957.

*Templeton & Gauen,* by *F. T. Gauen, Jr.,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Charles D. Cabaniss,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving a motor vehicle upon a public highway while intoxicated; the punishment, 60 days in jail and a fine of $50.

The state's evidence shows that the appellant was stopped and arrested around 12:30 A.M. by State Highway Patrolmen Turner and Kincannon while driving a Chevrolet pickup on State Highway 114 in Dallas County. Patrolman Turner testified that he and his partner stopped the pick-up after observing that it did not have a tail light; that after stopping the appellant, he could smell a very strong odor of alcohol on his breath; that appellant's eyes were glassy, his speech slurred and he staggered when he walked and that in his opinion the appellant on such occasion was very intoxicated.

Patrolman Kincannon by his testimony substantially corroborated that of Patrolman Turner.

It was further shown that the results of a test of a blood specimen, taken from the appellant with his consent, shortly after his arrest, showed that its alcohol content was 0.203 per cent.

As a witness in his own behalf appellant admitted that prior to his arrest he had drunk four beers, at a night club where he, his wife and son-in-law had been dancing, and stated in answer to a question as to whether he was drunk, "I don't think so."

Appellant's wife who was a passenger in the pick-up at the time of his arrest testified that he was not drunk at the time.

The jury chose to accept the evidence offered by the state and reject that of the appellant and we find the evidence sufficient to support their verdict.

The record presents one formal bill of exception in which appellant complains of the court's refusal to hear and grant a motion for new trial filed by appellant after his amended motion for new trial had been overruled by the court, exception taken, notice of appeal given and the term of court had expired.

The bill of exception is shown to have been filed in the trial court after the expiration of 90 days from the date appellant gave notice of appeal. The bill, not having been filed within the 90 days provided by Art. 760d, Vernon's Ann. C.C.P., cannot be considered. Thompson v. State, 286 S.W. 2d 933.

The judgment is affirmed.

Opinion approved by the Court.