TED WALKER V. STATE

No. 29,686. April 16, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 21, 1958.

298

*Sidney E. Dawson* and *W. L. Wray*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *H. L. Brotherton*, *Joe Joiner*, *A. D. Jim Bowie*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for sodomy; the punishment, 15 years in the penitentiary.

The facts are most revolting and will not be set out in detail. Suffice it is to state that the prosecuting witness was the seven-year-old daughter of appellant whose competency as a witness was established when called as a witness by the state. Her testimony shows that on or about the 13th day of May, 1957, the date alleged in the indictment, the appellant did, as charged, have carnal copulation with her in an opening of her body, to wit: the mouth.

As a witness in his own behalf appellant denied the testimony of the prosecuting witness and testified that it was not true.

We shall discuss the contentions urged by appellant in his brief and oral argument.

Appellant first complains of the action of the court in overruling his second motion for a continuance because of the absence of the witness Sonny Butler. In the motion appellant swore that the facts which he expected to prove by the witness was that a conspiracy existed between the witness and the appellant's wife to send the appellant to the penitentiary and in pursuance thereof appellant's wife told the witness that if he would marry her she would use the prosecuting witness to send appellant to the penitentiary. No affidavit of the witness was attached to the motion, however, in support of his amended motion for a new trial, which complained of the court's action in overruling the motion for continuance, appellant filed, among other affidavits, an affidavit purportedly signed by the absent witness, Sonny Butler, stating facts, in substance, which appellant alleged he had expected to prove by the witness. In controverting the motion and supporting affidavits the state filed an affidavit signed by Franklin O'Neeal Butler in which he stated he was known as Sonny Butler, that he did not sign the statement on file in the cause, purportedly signed by Sonny Butler, and that the con-

tents thereof were false. It is clear from this affidavit that this Franklin O'Neeal Butler is the Sonny Butler referred to in the appellant's motion for continuance. The trial judge was authorized to conclude that the signature on the affidavit purported to be that of the absent witness was not genuine and that the witness would not testify to the facts alleged; hence, no error is shown in overruling the motion. Benson v. State, 38 Texas Cr. Rep. 487, 43 S.W. 527 and Allen v. State, 103 Texas Cr. Rep. 470, 281 S.W. 545.

As a witness in his own behalf appellant sought to testify as to what he expected to prove by Butler had he been present as a witness. Clearly, such testimony was not admissible as hearsay, Butler not being present as a witness. We do not agree with appellant's contention that the same was admissible under the rule which permits proof of the declaration of a co-conspirator made during the furtherance of the conspiracy. Under such rule in a proper case a witness who has heard a co-conspirator make a statement concerning a conspiracy may testify to such statement, but such is not the case here. Appellant here sought to testify that he had a conversation with Butler in which Butler reported what still another person had told him. We have concluded that the court did not err in sustaining the state's objection to this hearsay testimony.

Appellant insists that the court erred in refusing to sustain his motion to quash the jury panel because of a newspaper article published in the Dallas Morning News, in the city of Dallas, on the day before the trial in which Henry Wade, the District Attorney of Dallas County, was quoted with reference to the Parole System and the amount of time necessary to be served by prisoners in discharge of their sentence. We find no error in the court's action as there is no showing in the record that any member of the jury had read the article or was in any way influenced thereby.

Appellant insists that the court erred in permitting the state, on his cross-examination, to show that he had been convicted in 1936 of assault with intent to murder and sentenced to the penitentiary for one year. Appellant objected to the inquiry on the ground that the conviction was too remote. The record reflects that the appellant further testified on his cross-examination over the same objection that he was convicted in 1939 for theft and sentenced to two years; in 1946 for robbery and sentenced to five years and in 1949 for assault with intent to murder and sentenced to six years. The convictions, taken together, clearly

evidence appellant's failure to reform and were therefore not subject to his objection of being too remote. Oates v. State, 67 Texas Cr. Rep. 488, 149 S.W. 1194 and Harding v. State, 151 Texas Cr. Rep. 508, 208 S.W. 2d 892. Appellant's further contention that the 1936 conviction should not have been admitted because he was sixteen years of age at the time and was therefore convicted as a juvenile delinquent, is without support in the record, as there is no proof that the 1936 conviction was against appellant as a juvenile delinquent. The contention is without merit. Lott v. State, 123 Texas Cr. Rep. 591, 60 S.W. 2d 223.

Appellant's bill of exception to jury argument of state's counsel cannot be considered as it was not filed with the clerk of the trial court within 90 days after the date appellant gave notice of appeal as required by Art. 760d, V.A.C.C.P. Crawford v. State, 164 Texas Cr. Rep. 609, 301 S.W. 2d 173.

Appellant insists that the evidence is insufficient to support the conviction because the state failed to prove the date on which the offense occurred. The indictment charged that the offense was committed "on or about the 13th day of May, 1957." While the prosecuting witness did not fix the exact date on which the offense occurred, her testimony was sufficient to show that the offense was committed prior to the presentment of the indictment and within the period of limitation. The state was not bound by the date alleged in the indictment and could prove that the offense was committed before, on or about the date alleged so long as the date was anterior to the presentment of the indictment and not barred by limitation. Abston v. State, 158 Texas Cr. Rep. 88, 253 S.W. 2d 41 and Madeley v. State, 165 Texas Cr. Rep. 83, 307 S.W. 2d 584. Appellant further insists that the evidence is insufficient because the testimony of the prosecuting witness was not corroborated. With such contention we do not agree. She testified that she did not want to participate in the act and that appellant threatened to whip her if she did not. She further testified that she told her mother of the incident. In view of her testimony and age she was not an accomplice as contended by appellant and it was not necessary that her testimony be corroborated. Wilson v. State, 147 Texas Cr. Rep. 653, 184 S.W. 2d 141 and Slusser v. State, 155 Texas Cr. Rep. 160, 232 S.W. 2d 727.

The judgment of conviction is affirmed.

Opinion approved by the Court.