GEORGE ROUTE, JR. V. STATE.

No. 30,779, June 24, 1959.
Motion for Rehearing Overruled October 21, 1959.

*Russell Wolters* and *C. C. Divine,* by *C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Samuel H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is possession of heroin; the punishment, life.

Officers Gray and Stringfellow, of the Narcotics Division of the Houston Police Department, having received information that appellant was going to bring some narcotics there, entered an apartment house and waited for him in an unlit hallway at the top of the stairs.

The officers saw appellant drive up in a 1954 Chrysler and get out and walk toward the apartment.

As appellant arrived at the top of the stairs the officers shined a flashlight on him and "He taken a step backwards and his hands slightly went up and coming from one hand fell a capsule, one small capsule, with whitish powder."

Upon examination by a chemist and toxicologist, whose qualifications as an expert were stipulated, the capsule was found to contain "sixty-five milligrams, a little more than a grain and it was 34.4 percent pure heroin." The heroin was admitted in evidence without objection.

The foregoing is from the testimony offered by the state and admitted without objection.

In addition, the state offered the confession of appellant made to Officer Gray, in which he admitted that he dropped a capsule of heroin when Officers Gray and Stringfellow shined a flashlight on him, and that Officer Gray picked it up. He said that he brought the capsule from Fourth Ward and had wrapped it in a piece of cellophane.

Appellant testified and repudiated his confession. Though the confession was admitted without objection to its voluntary character, the issue raised by appellant's testimony and contested by the officers' testimony was submitted to the jury and resolved against appellant.

Point 2 of appellant's brief complains of "a systematic exclusion of evidence resulting in defendant being denied the right to show the motive, intent and purpose of the officers in their contacts with him."

It was appellant's contention that he did not have or drop

a capsule containing heroin, as the officers testified and as his confession stated, but that the officers designedly planted the capsule at the place of his arrest, arrested him and later wrote the confession containing statements of their own, imputing them to appellant and obtaining his signature thereto by telling him that the statement was not true, and they knew it was not true and they wanted him to sign it only so that he could be coerced into informing for them.

The evidence which the court excluded was to the effect that after appellant had been arrested and charged and had been released on bail, and after the confession had been signed, Officers Gray and Stringfellow arranged a meeting between appellant and Federal Narcotics Agents which resulted in his agreeing to inform for them and that he did furnish information which resulted in a state court conviction of one Margaret Harrison.

We recognize the rule that events occurring after the signing of a confession may be given consideration in weighing the testimony of witnesses that it was freely and voluntarily made. Davis v. State 165 Texas Cr. Rep. 456, 308 S.W. 2d 880, 884.

The fact that appellant agreed to inform against other violators of the narcotic drug act, state or Federal, constitutes no evidence that the confession was induced by the officers' promise, threat or abuse, all of which the officers denied, or that the officers swore falsely. The proffered testimony being immaterial, its exclusion was proper.

There are three bills of exception. These are the court's bills, appellant having excepted to the qualifications to the bills as presented and the court having then refused the bills and filed them as qualified.

In the absence of bystanders' bills having been filed, the court's bills are before us for consideration.

Bill No. 1 complains of the court's action in refusing to extend the time for filing amended motion for new trial. We find nothing in the motion upon which a reversal could be predicated which is not before us without the motion.

The court certifies that appellant presented no good cause for extending the time for filing the amended motion, and there is nothing in the record to the contrary.

Bill No. 2 is deficient in that the trial judge declined to certify that the bailiff made the statement relied upon as constituting error.

Bill No. 3 complains of conduct of counsel for the state·during argument. The court certifies that no objection was made at the time, hence the claimed error is not presented for review. Meador v. State, 151 Texas Cr. Rep. 53, 204 S.W. 2d 628; Smith v. State, 157 Texas Cr. Rep. 21, 246 S.W. 2d 187.

Another ground for reversal is that the state was permitted to prove, on cross-examination of appellant, a conviction against him in the State of California in 1943 for a narcotic law violation. Appellant testified to another similar conviction in California in 1951, with sentence of five years.

The objection did not point out the remoteness of the 1943 conviction. If it had, the 1951 conviction evidences a failure to reform and brings the 1943 conviction within the period usually held not too remote. Walker v. State, 166 Texas Cr. Rep., 297, 312 S.W. 2d 666.

Other grounds for reversal have been considered and are overruled.

The judgment is affirmed.