Willie Howard KING, Appellant,

v.

The STATE of Texas, Appellee.

No. 41071.

Court of Criminal Appeals of Texas.

Feb. 21, 1968.

Rehearing Denied April 3, 1968.

Lawrence R. Green, Dallas, for appellant.

Henry Wade, Dist. Atty., Ross Teter, Joe M. Hendley and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is fondling; the punishment, 15 years.

■ The evidence adduced by the state reflects that appellant stopped at the yard of the house where the eleven year old boy named in the indictment was getting a Christmas tree out of a station wagon and, after asking the child for a match and receiving it, put an arm around the boy's back and fondled the boy's sexual parts with his other hand.

Testifying as a witness in his own behalf, appellant denied having fondled the child and testified that he patted him on the back after the boy asked him for a dime.

The jury chose to accept the child's testimony and the ground of error complaining that the evidence is insufficient to sustain the jury's verdict is overruled.

■ The officers who saw him with the child testified that appellant was taken before Justice of the Peace Joe B. Brown, Jr., and warned of his rights. Appellant denied this.

Appellant's first ground of error complains that the court materially erred in refusing to allow appellant's counsel to argue to the jury the failure of the state to produce Judge Brown, or official records of his court, there being a dispute as to whether appellant had been taken before Judge Brown.

No statement or confession made by appellant was admitted in evidence and no relevancy, or harm to appellant, is shown.

■ Numerous prior convictions of appellant for offenses involving moral turpitude were admitted by him at his trial. Appellant's ground of error No. 2 complains that the state was allowed, over objection, to introduce for impeachment purposes convictions that were over ten years old and were too remote.

In view of his other convictions for offenses involving moral turpitude, none of the convictions were too remote. Route v. State, 168 Tex.Cr.R. 388, 327 S.W.2d 761; Walker v. State, 166 Tex.Cr.R. 297, 312 S.W.2d 666.

In determining remoteness of a conviction the computation of time should begin after release from prison. Vaughn v. State, 143 Tex.Cr.R. 150, 157 S.W.2d 894; Gill v. State, 147 Tex.Cr.R. 392, 181 S.W.2d 276; Toms v. State, 150 Tex.Cr.R. 264, 200 S.W.2d 174.

There being no period of more than 8 years between the prior convictions, the contention that they were too remote is without merit.

We note further that no timely objection was offered to the testimony as to such convictions on the ground that the convictions were too remote.

The judgment is affirmed.