Francisco CADENA, Appellant,

v.

The STATE of Texas, Appellee.

No. 47405.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Johnny Searls, El Paso (Michael R. Gibson, El Paso, of counsel), for appellant.

Steve W. Simmons, Dist. Atty., William B. Hardie, Jr., Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for attempt to commit burglary; the punishment enhanced by the court under Art. 63, Vernon's Ann.P.C., for two prior convictions was life.

No question is raised as to the sufficiency of the evidence, which need not be detailed.

The first ground of error relied on by appellant is that the court erred in permitting evidence before the jury about his prior convictions at his trial on October 2, 1972.

Eyewitnesses identified appellant as the man that attempted to break into the house in the daytime. Appellant took the stand, denied that he was the man, claiming that he was elsewhere at that time. The State thereupon elicited from appellant that he had been previously convicted of burglary in two cases in November, 1956; of burglary in May, 1959; of burglary in August, 1961; of theft of property under $50 in May, 1965; of burglary in July, 1968.

Appellant cites Wood v. State, Tex.Cr.App., 478 S.W.2d 513, to support his argument that the convictions were too remote to affect his credibility. However, he overlooked the rule as clearly stated in an opinion prepared for this Court by then Commissioner Dice that proof of a series

of convictions showing failure to reform renders the earlier convictions admissible and not too remote. Walker v. State, 166 Tex.Cr.R. 297, 312 S.W.2d 666. Reference is made to many cases collated in 39 Texas Digest, under the subject Witnesses, .

We overrule the first ground of error.

Appellant next contends that fundamental error was committed when the prosecuting attorney said to the jury in his closing argument at the guilt or innocence phase of the trial: (1) that "his (appellant's) criminal background establishes his resourcefulness." (2) "Yes, he's a painter by trade, but we know he has another profession." (3) "Our evidence has shown what kind of man this person is."

 No objection was made to either of the first two statements, hence nothing is presented to us for review. When the third statement was made, appellant's attorney objected, "Your Honor, I'm going to object to that argument. It's not to be considered for anything except for impeachment." The court sustained the objection, but no request was made for an instruction to the jury withdrawing the argument from their consideration, nor for mistrial. In such a situation, appellant obtained all the relief he asked for, and no error of the trial court is presented to us for review. Newman v. State, Tex.Cr. App., 501 S.W.2d 94; Gipson v. State, Tex.Cr.App., 503 S.W.2d 796; Satterwhite v. State, Tex.Cr.App., 499 S.W.2d 314.

██ Appellant relies upon the case of United States v. Garber, 5 Cir., 471 F.2d 212, which held that the argument used therein but not objected to was fundamental error. In the case at bar the trial court had in the written charge to the jury instructed that the previous convictions could not be considered as any evidence of guilt, but were only to be used, if at all, in passing on the credibility of appellant as a witness. The action of the court in sustaining the objection clearly indicated to the jury the court's repudiation of the argument of the prosecuting attorney and a reiteration of this portion of the charge. Also, because the evidence of guilt was overwhelming, we deem the argument to have been harmless beyond a reasonable doubt, and decline to apply *Garber* to this case.

Ground of error number two is overruled.

We have considered other contentions made by appellant's attorneys and by appellant pro se, and find them to be without merit.

██ We note that neither the judgment nor the sentence contains the findings as to the appellant being the same person previously convicted of two felonies as alleged in the indictment, and reform them to so recite.

As reformed, the judgment is affirmed.

Opinion approved by the Court.