NO. 12-07-00414-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JAMES E. GIVENS,
§
 APPEAL FROM THE 188TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 GREGG COUNTY, TEXAS

 

MEMORANDUM OPINION


 James E. Givens, Jr. appeals his conviction for driving while intoxicated with a child
passenger, enhanced. He entered a not guilty plea in a trial before the court, was found guilty, and
sentenced to four years of imprisonment. We modify the judgment and affirm as modified.


Background

 Appellant was indicted for driving while intoxicated while his six year old daughter was in
the back seat, a state jail felony. After a trial before the court, he was found guilty. At the sentencing
phase, the State sought enhancement of the punishment range by alleging two prior felony
convictions. When the court inquired as to whether Appellant would plead true to "those allegations,"
defense counsel replied in the affirmative. The court asked Appellant directly if that is what he
desired to do and Appellant said yes. The court admonished Appellant as to what the punishment
range would be if it found the prior punishment allegations to be true. At that point in the
proceedings, the following occurred:


 The Court: All right. You may present the intention to seek enhancement of the
range of punishment at this time. 


 (Enhancement read)


 The Court: Mr. Givens, you've heard the reading of the enhancement.


 The Defendant: Yes.


 The Court: How do you plead to that enhancement, either true or not true?


 The Defendant: True.


 The Court: Has anybody forced you to plead true?


 The Defendant: No.


 The Court: I'm going to find the allegations to be true. We will now proceed with
the punishment phase.



The State then offered the pen packets of Appellant's 1979 conviction for felony burglary of a
habitation and his 1982 conviction for felony aggravated robbery. Appellant took the stand and
admitted to those two prior convictions. Noting that the criminal history is significant, but
acknowledging Appellant's medical conditions, the trial court assessed punishment at four years of
imprisonment. The judgment reflects that Appellant entered a plea of true to, and the trial court made
a finding of true on, the second enhancement paragraph. However, instead of reflecting a plea to and
a finding on the first enhancement paragraph, the judgment recites "N/A."


Sentence

 In his sole issue, Appellant contends his sentence exceeds the range of punishment. 
Specifically, he argues his state jail felony sentence could not lawfully be enhanced to a second degree
felony because the judgment reflects a plea and finding of true to only the second enhancement
paragraph. In the alternative, he asserts the judgment needs to be reformed to reflect a plea and
finding of true to the first enhancement paragraph.

 Appellant was charged with a state jail felony punishable by 180 days to two years in a state
jail facility. See Tex. Penal Code Ann. §§ 12.35, 49.045 (Vernon Supp. 2008). The State sought
to enhance punishment to a second degree felony by introducing evidence of two prior felonies. See
Tex. Penal Code Ann. § 12.42(a)(2) (Vernon Supp. 2008). The punishment range for a second
degree felony is imprisonment for a term of between two and twenty years. See Tex. Penal Code
Ann. § 12.33 (Vernon 2003).

 Appellant did not object to admission of the pen packets into evidence and does not contend
that the evidence is insufficient to support the enhancement allegations. He indicated in open court
that he wanted to plead true to both enhancement paragraphs. Appellant was properly admonished
as to the range of punishment applicable when two enhancement paragraphs are alleged. The trial
court found "the allegations to be true." Because the record supports findings of true to both of the
enhancement paragraphs, it is appropriate for the trial court to assess a sentence that is not more than
twenty years or less than two years. Id. Accordingly, the four year sentence, which is within the
range for a second degree felony, will not be disturbed. See Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1984). We overrule Appellant's issue to the extent he complains that his sentence
exceeds that allowed by statute.


Conclusion

 The error in this case is merely clerical. The judgment does not accurately reflect what
happened in open court. When an appellate court has the necessary data and evidence before it for
correcting the judgment, the judgment may be modified and corrected on appeal. See Barecky v.
State, 639 S.W.2d 943, 945 (Tex. Crim. App. 1982). Where the judgment fails to contain findings
with respect to enhancement allegations, it can be reformed to make the proper recitals. See Cadena
v. State, 504 S.W.2d 910, 911 (Tex. Crim. App. 1974). We sustain Appellant's issue to the extent
he asks for reformation of the judgment. Accordingly, we modify the judgment to reflect that
Appellant pleaded true to the first enhancement paragraph and the trial court found the first
enhancement paragraph to be true.

 As modified, we affirm the trial court's judgment.

 BRIAN HOYLE 

 Justice

Opinion delivered April 30, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.


(DO NOT PUBLISH)