# NO. 12-07-00414-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES E. GIVENS,*<br>*APPELLANT* | § | *APPEAL FROM THE 188TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *GREGG COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

James E. Givens, Jr. appeals his conviction for driving while intoxicated with a child passenger, enhanced. He entered a not guilty plea in a trial before the court, was found guilty, and sentenced to four years of imprisonment. We modify the judgment and affirm as modified.

### BACKGROUND

Appellant was indicted for driving while intoxicated while his six year old daughter was in the back seat, a state jail felony. After a trial before the court, he was found guilty. At the sentencing phase, the State sought enhancement of the punishment range by alleging two prior felony convictions. When the court inquired as to whether Appellant would plead true to "those allegations," defense counsel replied in the affirmative. The court asked Appellant directly if that is what he desired to do and Appellant said yes. The court admonished Appellant as to what the punishment range would be if it found the prior punishment allegations to be true. At that point in the proceedings, the following occurred:

The Court: All right. You may present the intention to seek enhancement of the range of punishment at this time.

(Enhancement read)

The Court: Mr. Givens, you've heard the reading of the enhancement.

The Defendant: Yes.

The Court: How do you plead to that enhancement, either true or not true?

The Defendant: True.

The Court: Has anybody forced you to plead true?

The Defendant: No.

The Court: I'm going to find the allegations to be true. We will now proceed with the punishment phase.

The State then offered the pen packets of Appellant's 1979 conviction for felony burglary of a habitation and his 1982 conviction for felony aggravated robbery. Appellant took the stand and admitted to those two prior convictions. Noting that the criminal history is significant, but acknowledging Appellant's medical conditions, the trial court assessed punishment at four years of imprisonment. The judgment reflects that Appellant entered a plea of true to, and the trial court made a finding of true on, the second enhancement paragraph. However, instead of reflecting a plea to and a finding on the first enhancement paragraph, the judgment recites "N/A."

## SENTENCE

In his sole issue, Appellant contends his sentence exceeds the range of punishment. Specifically, he argues his state jail felony sentence could not lawfully be enhanced to a second degree felony because the judgment reflects a plea and finding of true to only the second enhancement paragraph. In the alternative, he asserts the judgment needs to be reformed to reflect a plea and finding of true to the first enhancement paragraph.

Appellant was charged with a state jail felony punishable by 180 days to two years in a state jail facility. *See* TEX. PENAL CODE ANN. §§ 12.35, 49.045 (Vernon Supp. 2008). The State sought to enhance punishment to a second degree felony by introducing evidence of two prior felonies. *See* TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon Supp. 2008). The punishment range for a second

degree felony is imprisonment for a term of between two and twenty years. *See* TEX. PENAL CODE ANN. § 12.33 (Vernon 2003).

Appellant did not object to admission of the pen packets into evidence and does not contend that the evidence is insufficient to support the enhancement allegations. He indicated in open court that he wanted to plead true to both enhancement paragraphs. Appellant was properly admonished as to the range of punishment applicable when two enhancement paragraphs are alleged. The trial court found "the allegations to be true." Because the record supports findings of true to both of the enhancement paragraphs, it is appropriate for the trial court to assess a sentence that is not more than twenty years or less than two years. *Id*. Accordingly, the four year sentence, which is within the range for a second degree felony, will not be disturbed. *See **Jackson v. State***, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We overrule Appellant's issue to the extent he complains that his sentence exceeds that allowed by statute.

## CONCLUSION

The error in this case is merely clerical. The judgment does not accurately reflect what happened in open court. When an appellate court has the necessary data and evidence before it for correcting the judgment, the judgment may be modified and corrected on appeal. *See **Barecky v. State***, 639 S.W.2d 943, 945 (Tex. Crim. App. 1982). Where the judgment fails to contain findings with respect to enhancement allegations, it can be reformed to make the proper recitals. *See **Cadena v. State***, 504 S.W.2d 910, 911 (Tex. Crim. App. 1974). We sustain Appellant's issue to the extent he asks for reformation of the judgment. Accordingly, we modify the judgment to reflect that Appellant pleaded true to the first enhancement paragraph and the trial court found the first enhancement paragraph to be true.

As ***modified***, we ***affirm*** the trial court's judgment.

    BRIAN HOYLE

Justice

Opinion delivered April 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3