## EMMETT ROQUEMORE V. THE STATE.

No. 10947. Delivered June 24, 1927.

**1.—Burglary—Charge of Court—On Circumstantial Evidence—Failure to Give—Must Be Excepted To.**

Where, in a case the state relies upon circumstantial evidence, the failure of the court to instruct the jury on the law of circumstantial evidence, must be excepted to, or the omission will not warrant a reversal of the case.

**2.—Same—Oral Confession of Accused—When Admissible.**

Where the accused under arrest made a verbal statement to officers and following same accompanied them and pointed out the stolen property at the place mentioned by him in his statement, under Art. 727, C. C. P., his statement was admissible.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. Whit Boyd, Judge.

Appeal from a conviction of burglary, penalty five years in the penitentiary.

The opinion states the case.

*George H. Cavanaugh* and *Douglas McGregor,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary, punishment five years in the penitentiary.

A box car, on what is known as the house track of the M.-K.-T. Railway Company in Houston, Texas, was loaded with miscellaneous merchandise on November 16. The goods were checked into it by one Maderis. One Williams testified that he put a seal on every car on said house track on the afternoon of the 16th. The cars were to be moved away from Houston that night. Wheeler swore that about 1 o'clock on the night of the 16th he found one of said cars had been broken open. He reported the matter at once to the officers. The car was checked up and found short some bacon and shotgun shells. Mr. McCoy said on the afternoon of the 16th of November he saw appellant and one Banks six or eight miles from Houston. They were a short distance away from their car and asked the officer for some gasoline. He told them he would give them some and indicated that they go to a certain house and get a can and come back. He drove down to their car. When he got there he looked around and saw appellant and his companion not going toward the house indicated but moving rapidly away. He overtook them in his car and carried them to jail. Both negroes made a statement to the officers while under arrest, by means of which a sack of bacon and a box of shotgun shells were located, which appellant said he had gotten from a box car at the M.-K.-T. depot that evening. Appellant, after making the statement to the officers in the same terms as same had already been made by his companion, accompanied the officers and pointed out to them the place where the goods were found. The officers said they were taken back and identified by one of the men who had already testified in this case. Mr. Maderis said the bacon and shotgun shells were returned and he identified them as the same articles that he had checked into the box car the day before. Mr. Easton testified he had the care, control and management of said box car on said house track, and that he gave no one permission to break the seal, or to enter the car, or take the property. We have no doubt of the fact that circumstantially this evidence is sufficient to make out a case against appellant. No charge was given on circumstantial evidence, but none was requested, and no exception was taken to the failure of the court to submit the case to the jury on such theory. We think the court did not err in refusing a peremptory instruction to acquit.

If we comprehend bill of exceptions No. 2, it complains of the receipt in evidence of a statement made by appellant while under arrest. We have no doubt of the admissibility of said statement, same being followed by the appellant accompanying the officers and pointing out the alleged stolen property at the place mentioned by him in the statement, under Art. 727, C. C. P. All the other bills of exception are qualified by the learned trial judge and each of them has received our careful consideration, but in the light of the qualification attached we do not think any of the bills present error.

The judgment is affirmed.                    *Affirmed.*