JIMMIE VAUGHN V. THE STATE.

No. 21848. Delivered January 14, 1942.

The opinion states the case.

*H. L. McCune, Jr.,* of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, and *Gill L. Newsom,* Assistant District Attorney, both of El Paso, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with auto theft, and by the jury assessed a penalty of eight years in the State prison.

The facts found in the record show that S. W. Davis of El Paso, Texas, lost his maroon colored new Plymouth coupe automobile by theft on January 29, 1941; that on February 1, 1941, appellant appeared at the filling station of Mr. King in Dallas, Texas, and requested King to change some tires on a certain automobile. King sent a negro boy in a truck with appellant to a location a few blocks away to effect the change. The appellant directed the negro to a place back of the Sanger hotel, and there showed him a car that afterwards proved to be Mr. Davis' car, which was already minus its rear tires and wheels, and directed the boy to take off the front tires thereof and let the car down to the ground off the car jack. To this at first the boy demurred, but finally he did so, and placed the two front wheel tires in the truck and started to return to the Morrison garage. While on the way back appellant directed the negro to go by some small hotel, and appellant got out of the truck, telling the boy to leave the motor running, that he was going into this hotel and would be back in a minute. The boy had grown suspicious of the situation. So when appellant went into the hotel, the boy drove off in the truck, back to communicate with his employer. Mr. King then took the tires out of the truck and placed them in the filling station, and called the officers. In a few minutes appellant appeared and inquired for "his tires and wheels." He was told they were in the office, and if he could show that he owned the car they would be glad to put them on for him. Appellant replied: "You have caught me; I can't get away from you. I will sell them to you for

$4.00," which offer was declined by Mr. King, and about that time the officers showed up and took appellant into custody.

These officers testified that appellant told them that he had stolen this car from a parking lot in El Paso; that he had traded the extra tire for gasoline at some point between El Paso and Dallas, and that he had sold the other two tires to one Ray Humphrey in Dallas. The officers then went to Ray Humphrey's place of business, and there recovered two tires and wheels similar in make to the ones recovered at Mr. King's, and Humphrey testified that he had bought these two tires from appellant for his uncle, and appellant had been paid therefor the sum of $7.50 for the tires alone.

Appellant denied having stolen the car and claimed that while drinking in El Paso he obtained a ride with a person whose name he did not know, and that such unknown person allowed him to drive such car from Colorado, Texas, to Dallas; that such person was going to New Orleans, and left such car parked back of the Sanger hotel for four days. Appellant, seeing such car there, only took therefrom the tires and did not steal the car itself; that he did not tell the officers that he stole the same in El Paso.

There are only three bills of exception in the record. The first two are based upon the testimony of the officers relative to the statement made to them as to the theft of the car in El Paso. In such statement was included information as to where they would find the other two tires and wheels that came off the stolen car, and the testimony shows that such information was not in possession of the officers until it was given them by appellant in his statement to them. Under Art. 727, C. C. P., we think same was admissible as it led to the finding of a part of the stolen property; also see Roquemore v. State, 107 Tex. Cr. R. 470, 296 S. W. 882, and numerous other supporting authorities.

The third bill of exceptions relates to the following occurrence brought out in the cross-examination of appellant by the State: "Yes, that is right, I went to the penitentiary in September, 1931, from Dallas County, charged with robbery, for five years." This matter was objected to by appellant on account of the fact of its remoteness, which objection was by the trial court overruled. At the time of this trial the former conviction was about nine and a third years prior thereto. This

court has never fixed any certain number of years as being too remote to offer a prior felony conviction for the purpose of affecting one's credibility. Many matters other than the lapse of time are utilized in considering such remoteness; and it further seems to be the holding that the computation thereof should begin after one's release from prison rather than at the time of his induction therein or his conviction of crime. See Reeves v. State, 252 S. W. 781, 95 Tex. Cr. R. 28; Wright v. State, 3 S. W. (2d) 805, 109 Tex. Cr. R. 164; Shipp v. State, 283 S. W. 520. Then there are other matters worthy of consideration in determining the remoteness of the conviction, such as the conduct of the witness during the interim between these convictions, and any evidence of a reform and a freedom from other approbrious acts upon his part, as well as his age at the time of the prior conviction. We observe in this cause that appellant's age does not appear from the record, and not only was there no showing of any effort at a reform, but to the contrary his own testimony indicates that his purpose and motive in this matter was to steal four tires from this car, already stolen, as he would have had the jury believe, by another than himself, and probably abandoned by the thief, all deducible from the testimony given by him. We do not think this act evidenced any reformation at such time, and surely not enough to say that the conviction of 1931, which could have run for five years until 1936, was too remote to be used in this trial in April, 1941, only for the purpose of affecting his credibility, as controlled by the court in its charge.

We see no error in this record, and the judgment is accordingly affirmed.