WILLIE RILEY V. THE STATE.

No. 22591. Delivered October 27, 1943.
Rehearing Denied November 24, 1943.

The opinion states the case.

*Cunningham & Boling* and *Jimmie Cunningham,* all of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder without malice. The jury assessed a penalty of two years in the penitentiary.

It will not be necessary to state the facts of the case. The jury's verdict is sustained by the evidence. The one question presented by brief and oral argument relates to the bills of exception which complain of the action of the court in permitting the district attorney to ask appellant, upon cross examination, if he had not been convicted of a felony in Knox County about eight years prior to the time of the indictment in the instant case. The attorney for appellant informed the court and the district attorney of the prior conviction, giving the place and date of it, before placing the accused on the witness stand. Taking the position that the former conviction was too remote, he requested that the prosecution be instructed to not ask any questions about it in the presence of the jury. The trial court seemed to concur in the view that the conviction was too remote to be admissible in the case on trial for any purpose but stated that he would permit the question to be asked and the answer given and then he would instruct the jury to not consider the evidence. If the trial judge had been correct in his opinion that the evidence was too remote, it then became incumbent upon him, under the facts revealed by the record in this case, to instruct the district attorney to refrain from asking any question about it. Branch's Ann. P. C., Sec. 170; Vick v. State 159 S. W. 57, and McGill v. State 160 S. W. 353. We are of the opinion, however, that the court was in error in this respect. It was proper evidence to go to the jury as touching the credibility of appellant as a witness in his own behalf. This

conclusion is based on the consideration of a large number of authorities by this court, holding that there is no absolute rule as to the time which may be considered without any other circumstance to make the evidence inadmissible. Judge Hawkins, in Lott v. State, 60 S. W. (2d) 223, discusses a number of the leading cases on the subject in sustaining the following declaration: (page 225) "No absolutely iron-bound rule has been laid down to determine the lapse of time that renders a conviction too remote to be shown in evidence as affecting the credibility of as witness. The lapse of time must be considered in connection with the peculiar facts and circumstances of each individual case. The age of the witness at the time the claimed discrediting conviction took place, and his subsequent conduct are elements that must be taken into account."

Judge Morrow, in Stephens v. State, 68 S. W. (2d) 181, at page 185, says: "Whether, in a given case in which the accused testifies in his own behalf, the reception of evidence of his previous indictment or conviction of a felony is admissible generally speaking, is not to be arbitrarily determined by the lapse of time alone, but the intervening conduct of the accused is a pertinent subject of inquiry and often determines whether the proof is admissible or too remote. See Shipp v. State, 104 Tex. Cr. R. 185, 283 S. W. 520, and cases therein cited, including Ard v. State, 101 Tex. Cr. R. 545, 276 S. W. 263." See also Branch's Ann. P. C., Sec. 167.

From authorities too numerous to cite, it is conclusively held that the nature of the offense, the length of the sentence imposed, the conduct of the party during the intervening time, as well as other surrounding circumstances, may and should be considered in determining the admissibility of the evidence. It appears to have been the view of numerous trial courts that ten years in time should be arbitrarily accepted as the exclusion date, after which evidence becomes too remote. The Stephens case, supra, contains a helpful discussion on this particular phase of the question. In the case before us, no reference is made to the nature of the offense, the length of time which appellant served in the penitentiary, his age, his subsequent conduct, or anything other than about eight years in time. As we view it, this is insufficient, standing alone, to render the evidence inadmissible and the error which the court made being favorable to appellant is one of which he cannot complain before this court.

Other questions raised are overruled. The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

We have again examined the record and remain convinced that the conclusion reached in the original disposition of the case was correct.

The appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.