W. J. HARDING V. THE STATE.

No. 23920. Delivered February 4, 1948.
Rehearing Denied March 17, 1948.

*Hardin, Bransford & Hardin,* of Fort Worth, for appellant.

*Alfred M. Clyde,* Criminal District Attorney, and *W. E. Myres,* Assistant Criminal District Attorney, both of Fort Worth, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an assault to murder and given a penalty of eight years in the penitentiary.

On January 23, 1947, Corporal Daniel Sanner was in the City of Fort Worth, and about 11:00 P. M., he was in front of the Seibold Hotel looking for a bus. There was a cab sitting nearby. He approached the driver thereof and asked to be taken out to his base. The driver told him that as soon as he got through with the man with whom he appeared to be arguing, he would take the corporal to his destination. The person with whom the driver was arguing told Sanner to "mind his own business." Sanner then turned to the cab driver and again asked to be taken home. About that time he felt a knife being driven in his back. The knife penetrated his lung and he lost consciousness. He later woke up in a hospital. It took twenty-three stitches to close the wound after a delicate operation. Sanner had never seen appellant before. He thought that appellant was drunk and knew of no reason why he should cut him.

The physician who waited on Corporal Sanner testified that the knife wound entered in front of the body below the ninth rib, and there was a portion of the greater omentum protruding through the wound which collapsed the left lung; that it would have caused his early death had he not rescinded (removed) a rib, sutured the damaged spleen and also the laceration of the diaphragm, re-expended the lung and closed the cavity.

It appeared from the testimony of the cab driver, who was a State's witness, that appellant was drunk; that they were arguing about the amount of money owed him by appellant; that the injured party happened to walk between the two parties thus arguing at the time, when appellant cut at the cab driver with his knife and struck the soldier.

Bills of Exception Nos. 1 and 2 relate to the insufficiency of the evidence and are overruled.

Bill No. 3 relates to the witness Sanner being allowed to testify that he had been overseas for a year and a day. The bill shows no reason for the objection except that appellant objected thereto after the answer was given that the witness had been overseas. Appellant offered in evidence his honorable discharge from the U. S. Army and his service therein of nine months. We do not see any error shown in such bill.

Bill No. 4 relates to an objection to the injured party testifying that he thought appellant was drunk at the time of the assault. We think the bill shows the witness to be sufficiently qualified to express his opinion in such a matter.

Bills Nos. 5 and 6 show that while on the witness stand in his own behalf, appellant testified that he was sentenced to the penitentiary in 1939 for robbery by assault under a five-year penalty; that he was released therefrom in 1940, and had not been convicted thereafter of any offense. In order to forestall the introduction of such proof prior to his taking the witness stand, appellant filed a motion requesting that the trial court instruct the State's attorney to refrain from asking appellant about such conviction since he had not been thereafter convicted of any offense. This the trial court properly refused to do. It was shown upon a retirement of the jury that appellant had been convicted of felony theft in 1927 in the Federal Court and given a five-year suspended sentence. We think this conviction was admissible relative to the credibility of the witness. It also appears from said bill that although this matter was gone into in the absence of the jury, the court's qualification to these bills show that appellant's attorneys first brought these matters out before the jury, after the court had refused to instruct the State's attorney not to interrogate appellant relative thereto. We think these two convictions, taken together, would evidence a failure of such to effect a reformation, and the latter conviction could not be called too remote. See Vaughn v. State, 143 Tex. Cr. R. 150, 157 S. W. (2d) 894; Riley v. State, 146 Tex. Cr. R. 374, 175 S. W. (2d) 81; Toms v. State, 150 Texas Crim. Rep. 264, 200 S. W. (2d) 174; Oates v. State, 67 Tex. Cr. R. 488, 149 S. W. 1194.

Bill No. 7 is overruled without any discussion thereof.

Bill No. 8 fails to show what the objectionable testimony was and therefore cannot be appraised by us. Bill No. 9 is subject to the same objection, there being no answer shown to the question objected to.

The physician who treated the injured party testified that the cut from the knife entered the body from in front, whereas Corporal Sanner testified that the cut entered from the back part of the body. In the face of this contradiction, the State recalled Sanner and had him remove his shirt and show the wound to the jury over appellant's objection that such was but a repetition of the witness' prior testimony. This objection was over-

ruled, and appellant then offered objections to the removal of the jacket, the shirt, as well as the exhibition of the wound. After an inspection of the wound by the trial court, he permitted the State to exhibit the scar to the jury. There being an issue as to the point of entry of the wound, we think the State was within its rights when it exhibited the wound before the jury. This wound is not shown to have been of an ugly or repulsive nature, and the exhibition thereof could doubtless evidence the point of entry as well as the general direction given to the knife used therein. In some of the cases cited in appellant's able brief, the wound itself, it was shown, had been enlarged upon by a subsequent operation and was not alone the stroke of the accused. However, we find no such condition shown herein. Many of the cases cited relate to the introduction of bloody clothing, and the consequent inflaming of the minds of the jury. No such clothing was herein introduced, nor was the presence of any blood shown.

We find no error in the record, and the judgment will therefore be affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant presents a formal motion for rehearing, complaining of no specific error in our original opinion.

The entire record, however, has been again examined, and we remain convinced that no reversible error appears.

The motion for rehearing is overruled.

Opinion approved by the Court.