**Ross H. WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42499.**

Court of Criminal Appeals of Texas.

Jan. 21, 1970.

Glenn Hausenfluck, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Jack Q. Neal and Marvin D. Snodgrass, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is assault with intent to murder with malice; the punishment, seven (7) years.

Appellant's first ground of error is that the court erred in refusing to permit him to impeach State's witness, Balderas. Balderas had testified that while he and a group of friends were passing appellant's bar, he had lightly tapped on the window; appellant came bursting out with a pistol in hand, engaged his friends in an altercation, and ultimately shot the injured party who was one of them. The attempted impeachment grew out of questions asked this witness on cross-examination by appellant. This examination follows:

"Q. Did anything happen there to excite your temper until the shot was fired?

A. No sir.

Q. You weren't mad until then?

A. No sir.

Q. Do you ever get mad easy?

A. No sir, not a lot, because I'm kind of a quiet man.

Q. You say you're a quiet man?

A. Yes sir.

Q. Would you say you're a quiet, peaceable, law abiding man?

A. I wouldn't say that.

Q. You wouldn't say that—why not?

A. Well, I drink a whole lot is one reason.

Q. You drink a whole lot?

A. Yes sir.

Q. Did you drink a whole lot that night?

A. No sir."

Appellant sought to impeach the witness by proving that Balderas had been convicted of the simple offenses of assault, disturbing the peace, driving while intoxicated, and resisting arrest.

▮ The above testimony does not constitute a blanket statement of good conduct by the witness, such as would bring this case under our holdings in Lampkin v. State, 47 Tex.Cr.R. 625, 85 S.W. 803; Kemp v. State, 157 Tex.Cr.R. 158, 247 S.W.2d 398; Orozco v. State, 164 Tex.Cr. R. 630, 301 S.W.2d 634; and French v. State, Tex.Cr.App., 415 S.W.2d 203, and thus this testimony did not authorize the appellant to show misdemeanor offenses not involving moral turpitude.

The procedure to impeach this witness should have been that of calling on general reputation witnesses to testify to the witness' reputation in the community as a peaceful and law-abiding citizen.

Appellant's first ground of error is overruled.

His second ground of error grows out of the cross-examination of one of appellant's witnesses as to his prior convictions. The question of remoteness, alone, is at issue.

This trial began on September 16, 1968. The careful trial judge removed the jury, and explored the question thoroughly. It was established that the witness had been convicted in January of 1943 in two cases of robbery for which he received eight years, and was paroled in 1944. He was then convicted in 1946 for felony theft, and escaped from confinement in 1948. He was paroled in 1953, and in 1957 was convicted of aggravated assault on a female. In 1959, he was convicted of the offense of abandonment of children, and released in 1961. In 1963, he was convicted of unlawfully carrying a pistol. The court permitted proof of the four felony convictions: the two 1943 cases of robbery, the 1946 felony theft conviction, and the 1959 felony conviction of abandonment of children.

▮ In determining the question of remoteness, we held in Couch v. State, 158 Tex.Cr.R. 292, 255 S.W.2d 223, that the time of the prisoner's release from confinement, rather than the time of his conviction on which he served sentence, controls.

▮ Appellant was released from confinement in 1961 and his conviction in the case before us occurred in September, 1968. In Smith v. State, Tex.Cr.App., 375 S.W.2d 299, we held that in a May, 1963 trial, an incident in May of 1953 was not too remote to be inquired into. The intervening convictions between appellant's first conviction in 1943 and the present conviction clearly bring this case under the rule in Walker v. State, 166 Tex.Cr.R. 297, 312 S.W.2d 666, where we said the following:

"The convictions, taken together, clearly evidence appellant's failure to reform

**266**

and were therefore not subject to his objection of being too remote." [1]

Ground of error number two is overruled.

Finding no reversible error, the judgment is affirmed.

1. See also Oates v. State, 67 Tex.Cr.R. 488, 149 S.W. 1194; Harding v. State, 151 Tex.Cr.R. 508, 208 S.W.2d 892; and Castillo v. State, Tex.Cr.App., 411 S.W. 2d 741.