Edward HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43792.

Court of Criminal Appeals of Texas.

May 19, 1971.

Murray J. Howze, Lawrence Fuller, Monahans (on appeal), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

We adopt as the opinion of the Court the brief of our able State's Attorney. It is as follows:

"The appellant in this cause was convicted of assault with intent to murder, and his punishment was assessed by the court at confinement in the penitentiary for a term of six years.

"In grounds of error No. 1 and No. 2, the appellant complains that the trial court erred in allowing the district attorney, on cross-examination of the defendant, to inquire about a prior felony conviction by the defendant. On cross-examination of the appellant, the State established that the appellant had been convicted on March 29, 1961, in Williamson County of assault with intent to murder and received a three-year sentence. The appellant also admitted that he was released from prison on November 6, 1962. This was proper impeachment. 'When defendant takes the stand as a witness he is subject to the same rules as any other witness.' Vol. 1, Branch's Annotated Penal Code, 2nd Ed., p. 170, Sec. 168; Texas Law of Evidence, McCormick & Ray, Sec. 658.

"The conviction in question was not too remote. The time of release from confinement controls the determination of remoteness. Williams v. State [Tex.Cr. App.], 449 S.W.2d 264. The trial of this cause took place a little less than seven years from the date appellant was released from the penitentiary on the prior conviction. A felony conviction eight years prior to time of indictment has been held to be not too remote. Riley v. State [146 Tex.Cr.R. 374], 175 S.W.2d 81. It is respectfully submitted that no error is shown by these grounds of error.

"In support of grounds of error No. 1 and No. 2, the appellant relies upon Stephens v. State, 417 S.W.2d 286, and Sumner v. State [Tex.Cr.R. 501], 112 S.W.2d 453. Such reliance appears to be misplaced. In Stephens v. State, supra, the Court merely held that it was error to allow the use of a 15-year old misdemeanor conviction not involving moral turpitude to impeach at the guilt stage of the trial the appellant's application for probation. This certainly has no application to the instant situation, nor is it an exception to the general rule that a prior

felony conviction that is not too remote can be used to impeach the defendant when he becomes a witness in the trial.

"Sumner v. State deals with the admissibility of extraneous offenses to prove intent, identity, to defeat defensive theory, and when they are a part of the res gestae. It deals in no manner whatsoever with the use of prior felony convictions for the purpose of impeachment.

\* \* \* \* \* \*

"Appellant's ground of error No. 3 complains that the evidence is insufficient as a matter of law to sustain the conviction in this cause. An examination of the testimony of the complaining witness shows that she identified the appellant as the man, who, on the occasion in question, entered the cafe where she was located, hit her with his hand, and then shot her six times with a .25 caliber pistol. She testified that five of the bullets remained in her body, where they were at the time of trial. This evidence, standing alone, is sufficient to sustain the jury verdict."

The judgment is affirmed.