

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

November 5, 1974

The Honorable Tim Curry
Criminal District Attorney
Tarrant County
Fort Worth, Texas 76102

Opinion No. H- 441

Re: Whether a county bail
bond board may use the prior
conviction of a felony as
evidence in determining
whether an applicant for a
bail bond license satisfies
the requirements of V. T. C. S.
art. 2372p-3.

Dear Mr. Curry:

You have asked our opinion as to whether a county bail bond board
may refuse to issue a license to an applicant who was convicted of two
felonies twenty years ago. Both sentences have been completed, although
no pardon has been granted.

Article 2372p-3 lists the requirements for obtaining a license as
a bondsman. A person who desires to obtain a license must submit an
application which, according to section 6(b) of the Act shall be

> . . . accompanied by letters of recommendation
> from three reputable persons who have known the
> applicant for a period of at least three years. Each
> letter shall recommend applicant as having a repu-
> tation of honesty, truthfulness, fair dealing, and
> competency and shall recommend that the permit
> be granted to the applicant. (emphasis added)

Section 9(a) lists two grounds on which licenses are to be denied.

No license may be issued to any person who:
(1) is bankrupt or insolvent; or
(2) has had his license revoked for default upon
a bond and has not satisfied the obligation of the
bond.

Section 9 also provides grounds for suspension or revocation of a license. One of these is conviction of a felony.

Thus, although the Legislature specifically permits suspension and revocation of licenses of bondsmen who are convicted of felonies, there is nothing in the Act to suggest that conviction of a felony will serve to automatically deny a license to an applicant. Had the Legislature intended to include this ground as a basis for automatic denial of a license, we believe it would have said so as it has done in other licensing statutes. See e.g., V. T. C. S., art. 4413 (29bb); V. T. C. S., art. 4570; Attorney General Opinion M-884 (1971); Attorney General Opinion V-1047 (1950).

However, section 5 (g)(2) of the Act gives the County Bail Bond Board the power and the duty

To conduct hearings and make determinations
respecting the issuance of licenses to bondsmen
within the provisions of this Act and to issue
licenses to those applicants who qualify under the
terms of this Act.

It is our opinion that section 5(g), read in conjunction with section 6(b), authorizes the Board to investigate an applicant's reputation of honesty, truthfulness, fair dealing and competency. A felony conviction for a crime which concerns these specific character traits may be examined to determine whether the applicant meets the statutory requirements.

The fact that the felonies in this particular case were committed twenty years ago raises the question of whether such convictions are too remote to be considered by the Board, even under the standards we have discussed above. We cannot state as a matter of law that twenty year old convictions are too remote to be considered by the Board in its decision to grant or deny a license. But see Dillard v. State, 218 S. W. 2d 476 (Tex.

Crim. 1949; Harding v. State, 208 S. W. 2d 892 (Tex. Crim. 1948); and Perez v. State, 150 S. W. 2d 402 (Tex. Crim. 1941), cases which hold that most convictions over 10 years old must be accompanied by evidence of lack of reformation to be admissible evidence on a character issue.

## SUMMARY

An applicant's felony conviction for a crime which concerns the specific character traits listed in Article 2372p-3, section 6(b), i.e., honesty, truthfulness, fair dealing, and competency, may be evidence which the Bail Bond Board can use to determine whether the applicant has met the statutory requirements. Unless such convictions specifically concern the above-mentioned characteristics and are accompanied by evidence of lack of reformation, conviction of felonies twenty years ago is too remote to be considered in determining whether to issue a license to an applicant.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg