# NO. 12-09-00251-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EVERSON JEROME VICTOR,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Everson Jerome Victor appeals his conviction for aggravated assault with a deadly weapon against a public servant. In his sole issue on appeal, Appellant argues that his trial counsel rendered ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with the offense of aggravated assault with a deadly weapon against a public servant, a first degree felony.[1] The indictment also alleged that Appellant used or exhibited a deadly weapon – a motor vehicle that in the manner and means of its use and intended use was capable of causing death and serious bodily injury, during the commission of or immediate flight from the offense. Appellant entered an open plea of guilty to the offense charged in the indictment. Appellant and his counsel signed an agreed punishment recommendation, an acknowledgment of admonishments, a waiver of jury trial, an agreement to stipulate testimony, and a written stipulation of evidence in which Appellant swore that such stipulation constituted the evidence in the case. After a punishment hearing, the trial court adjudged Appellant guilty of the offense of aggravated assault with a deadly weapon against a

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(2)(B) (Vernon Supp. 2009).

public servant,[2] made an affirmative deadly weapon finding, and assessed his punishment at thirty years of imprisonment. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue on appeal, Appellant argues that his trial counsel rendered ineffective assistance of counsel by failing to object to impermissible impeachment evidence offered by the State against a key mitigation witness. Further, Appellant contends that this testimony adversely affected the punishment assessed by the trial court and, thus, he was prejudiced. The State disagrees.

## **Standard of Review**

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the

---

[2] In the indictment, Appellant was charged with "intentionally, knowingly, or recklessly" causing bodily injury with a deadly weapon against a public servant. However, in the stipulation of evidence, Appellant admitted only to "recklessly" causing bodily injury with a deadly weapon against a public servant. Thus, at the conclusion of the punishment hearing, the trial court found Appellant guilty of the offense as set forth in the indictment as to the "recklessly" portion of the charge.

outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. The *Strickland* standard applies to ineffective assistance of counsel claims alleging a deficiency in attorney performance at noncapital sentencing proceedings. *Hernandez v. State*, 988 S.W.2d 770, 771 (Tex. Crim. App. 1999) (overruling *Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980)).

Review of a trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. It is the appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.* Appellant must prove both prongs of the *Strickland* test by a preponderance of the evidence in order to prevail. *Tong*, 25 S.W.3d at 712.

## Application

A witness may be impeached with evidence that the witness has been convicted of a crime, "but only if the crime was a felony or involved moral turpitude, regardless of punishment." TEX. R. EVID. 609(a). The witness's conviction must be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party. *Id.*

At the punishment hearing, Appellant offered two witnesses on his behalf, his pastor and his father. Appellant's father, Eric Victor, testified regarding Appellant's character, schooling, mental health problems, previous arrests, and juvenile probation. He also testified that he believed Appellant was "salvageable," and that his son realized that he had made a mistake. However, Eric blamed Appellant's criminal history on other people, or his son's mental health problems, and also described it as a "phase" his son was going through. He stated further that he knew Appellant had no "intention" of hurting the public servant. On recross examination, the State questioned Eric regarding his own arrest for resisting arrest. Eric responded that he did not resist arrest, that he was "kind of manhandled," and that it was because of his medication. He

3

stated that he paid a fine and was sentenced to probation for that offense. Eric also stated that he "believed" he was convicted for failure to identify because his identification was stolen.

Appellant asserts that the offense of resisting arrest is not an offense involving moral turpitude and that his trial counsel failed to determine whether the offense was a felony. *See* TEX. PENAL CODE ANN. § 38.03 (a), (c), (d) (Vernon 2003) (providing that the offense is a misdemeanor unless the actor uses a deadly weapon to resist the arrest); *Williams v. State*, 449 S.W.2d 264, 265 (Tex. Crim. App. 1970). Moreover, he states that while the offense of failure to identify by giving a false or fictitious name is an offense involving moral turpitude, committing the same offense by simply refusing to provide the requested information to an officer is not. *See* TEX. PENAL CODE ANN. § 38.02 (Vernon Supp. 2009) (providing that an actor commits an offense if he intentionally refuses to give his name, residence address, or date of birth to a peace officer who has lawfully arrested the person and requested the information); *Lape v. State*, 893 S.W.2d 949, 958 (Tex. App.–Houston [14th Dist.] 1994, pet. ref'd) (stating that lying to a police officer involves moral turpitude). Thus, Appellant argues, his trial counsel rendered ineffective assistance when he permitted the State to impeach Eric without determining if the evidence of his prior convictions was admissible or the crimes involved moral turpitude.

In this appeal, we have no record, usually developed in a motion for new trial or on writ of habeas corpus, explaining trial counsel's thought processes and trial strategy in not objecting to the admission of Eric's testimony about his own prior convictions. *See Redmond v. State*, 30 S.W.3d 692, 698-99 (Tex. App.–Beaumont 2000, pet. ref'd). It is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. Because the record does not show deficient performance, we conclude that Appellant has failed to meet the first prong of the *Strickland* test. *See id*.

Even if Appellant had met the first prong of the *Strickland* test, he has failed to show that, without the evidence of Eric's prior convictions, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. In sentencing Appellant, the trial court stated that Appellant's history did not justify a deferred

finding of guilt. Further, the trial court stated that Appellant's "father got up and testified to numerous things, all of which are really suspect to me, based upon what I see in your history." At that point, the trial court briefly summarized Appellant's criminal history since September 2005, which included evading arrest, possession of marijuana, aggravated assault, driving while intoxicated, unlawful carrying of a weapon, and two charges each of assault family violence and possession of a controlled substance. The trial court also enumerated how many times Appellant had been sentenced to probation for these charges. The trial court noted that Eric's testimony did not "make or break the issues in this case because the issues . . . were created long before y'all ever got here to give testimony." Then, the trial court found Appellant guilty of the offense as set forth in the indictment as to the "recklessly" portion of the charge, made an affirmative finding of the use of a deadly weapon, and assessed his punishment at thirty years of imprisonment.

Appellant asserts that Eric's prior convictions influenced the trial court's comment that Eric's testimony was "suspect" and difficult to believe. As such, Appellant argues that he was harmed because the evidence regarding Eric's prior convictions may have reasonably contributed to Appellant's punishment and that, but for Eric's testimony, he would have received a different sentence. However, the trial court found that Eric's testimony regarding Appellant's brushes with the law to be of dubious character, not because of Eric's criminal history, but because of Appellant's own criminal history that the trial court had before it. In fact, the trial court pointed out that Eric's testimony did not "make or break" the issues in the case because Appellant's criminal history was created long before the punishment hearing. Further, we cannot speculate as to whether the trial court would have assessed a lesser sentence absent the challenged testimony. *See Schaired v. State*, 786 S.W.2d 497, 499 (Tex. App.–Houston [1st Dist.] 1990, no pet.). Because Appellant failed to show that the result of the proceeding would have been different without the evidence of Eric's prior convictions, he also has failed to meet the second prong of the *Strickland* test. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. Therefore, even if he had met the first prong of *Strickland*, he still could not prevail. Appellant's sole issue is overruled.

The judgment of the trial court is ***affirmed***.


**SAM GRIFFITH**
Justice


Opinion delivered March 24, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)


6