MARY'S OPINION HEADING 








NO. 12-09-00251-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

EVERSON JEROME
VICTOR,                  §                      APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

Everson
Jerome Victor appeals his conviction for aggravated assault with a deadly
weapon against a public servant.  In his sole issue on appeal, Appellant argues
that his trial counsel rendered ineffective assistance of counsel.  We affirm.

 

Background

Appellant
was charged by indictment with the offense of aggravated assault with a deadly
weapon against a public servant, a first degree felony.[1]
 The indictment also alleged that Appellant used or exhibited a deadly weapon –
a motor vehicle that in the manner and means of its use and intended use was
capable of causing death and serious bodily injury, during the commission of or
immediate flight from the offense.  Appellant entered an open plea of guilty to
the offense charged in the indictment.  Appellant and his counsel signed an
agreed punishment recommendation, an acknowledgment of admonishments, a waiver
of jury trial, an agreement to stipulate testimony, and a written stipulation
of evidence in which Appellant swore that such stipulation constituted the
evidence in the case.  After a punishment hearing, the trial court adjudged
Appellant guilty of the offense of aggravated assault with a deadly weapon
against a public servant,[2] made an affirmative
deadly weapon finding, and assessed his punishment at thirty years of
imprisonment.  This appeal followed.

 

Ineffective Assistance of Counsel

            In
his sole issue on appeal, Appellant argues that his trial counsel rendered
ineffective assistance of counsel by failing to object to impermissible
impeachment evidence offered by the State against a key mitigation witness.  Further,
Appellant contends that this testimony adversely affected the punishment
assessed by the trial court and, thus, he was prejudiced.  The State disagrees.

Standard
of Review

In
reviewing an ineffective assistance of counsel claim, we follow the United
States Supreme Court=s two pronged test in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Hernandez
v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first
prong of the Strickland test, an appellant must show that counsel=s
performance was Adeficient.@
 Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Tong v.
State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  AThis
requires showing that counsel made errors so serious that counsel was not
functioning as the >counsel=
guaranteed the defendant by the Sixth Amendment.@
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  To be
successful, an appellant must Ashow that counsel=s
representation fell below an objective standard of reasonableness.@
 Id., 466 U.S. at 688, 104 S. Ct. at 2064; Tong, 25
S.W.3d at 712.

Under
the second prong, an appellant must show that the Adeficient
performance prejudiced the defense.@ 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Tong,
25 S.W.3d at 712.  The appropriate standard for judging prejudice requires an
appellant to Ashow that there is a reasonable
probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been different.@
 Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Tong,
25 S.W.3d at 712.  A reasonable probability is a probability sufficient to
undermine confidence in the outcome.  Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.  The Strickland standard applies to
ineffective assistance of counsel claims alleging a deficiency in attorney
performance at noncapital sentencing proceedings.  Hernandez v. State,
988 S.W.2d 770, 771 (Tex. Crim. App. 1999) (overruling Ex parte Duffy,
607 S.W.2d 507 (Tex. Crim. App. 1980)).

Review
of a trial counsel=s representation is
highly deferential.  Tong, 25 S.W.3d at 712.  We indulge in a Astrong
presumption that counsel=s conduct falls within
the wide range of reasonable professional assistance.@
 Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  It is the
appellant=s burden to overcome the
presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Strickland, 466 U.S. at 689,
104 S. Ct. at 2065; Tong, 25 S.W.3d at 712.  Moreover, any
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  Failure to make
the required showing of either deficient performance or sufficient prejudice
defeats the ineffectiveness claim. Id.  Appellant must prove both
prongs of the Strickland test by a preponderance of the evidence
in order to prevail.  Tong, 25 S.W.3d at 712. 

Application

A
witness may be impeached with evidence that the witness has been convicted of a
crime, “but only if the crime was a felony or involved moral turpitude,
regardless of punishment.”  Tex. R.
Evid. 609(a).  The witness’s conviction must be admitted if the court
determines that the probative value of admitting this evidence outweighs its
prejudicial effect to a party.  Id. 

At
the punishment hearing, Appellant offered two witnesses on his behalf, his
pastor and his father.  Appellant’s father, Eric Victor, testified regarding
Appellant’s character, schooling, mental health problems, previous arrests, and
juvenile probation.  He also testified that he believed Appellant was
“salvageable,” and that his son realized that he had made a mistake. However,
Eric blamed Appellant’s criminal history on other people, or his son’s mental
health problems, and also described it as a “phase” his son was going through.  He
stated further that he knew Appellant had no “intention” of hurting the public
servant.  On recross examination, the State questioned Eric regarding his own
arrest for resisting arrest.  Eric responded that he did not resist arrest,
that he was “kind of manhandled,” and that it was because of his medication.  He
stated that he paid a fine and was sentenced to probation for that offense.  Eric
also stated that he “believed” he was convicted for failure to identify because
his identification was stolen. 

Appellant
asserts that the offense of resisting arrest is not an offense involving moral
turpitude and that his trial counsel failed to determine whether the offense
was a felony.  See Tex. Penal Code
Ann. § 38.03 (a), (c), (d) (Vernon 2003) (providing that the offense is
a misdemeanor unless the actor uses a deadly weapon to resist the arrest);
Williams v. State, 449 S.W.2d 264, 265 (Tex. Crim. App. 1970). 
Moreover, he states that while the offense of failure to identify by giving a
false or fictitious name is an offense involving moral turpitude, committing
the same offense by simply refusing to provide the requested information to an
officer is not.  See Tex. Penal Code
Ann. § 38.02 (Vernon Supp. 2009) (providing that an actor commits an
offense if he intentionally refuses to give his name, residence address, or
date of birth to a peace officer who has lawfully arrested the person and
requested the information); Lape v. State, 893 S.W.2d 949, 958
(Tex. App.–Houston [14th Dist.] 1994, pet. ref’d) (stating that lying to a
police officer involves moral turpitude).  Thus, Appellant argues, his trial
counsel rendered ineffective assistance when he permitted the State to impeach
Eric without determining if the evidence of his prior convictions was
admissible or the crimes involved moral turpitude. 

In
this appeal, we have no record, usually developed in a motion for new trial or
on writ of habeas corpus, explaining trial counsel=s
thought processes and trial strategy in not objecting to the admission of
Eric’s testimony about his own prior convictions.  See Redmond v. State,
30 S.W.3d 692, 698-99 (Tex. App.–Beaumont 2000, pet. ref’d).  It is Appellant=s
burden to overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Strickland,
466 U.S. at 689, 104 S. Ct. at 2065; Tong, 25 S.W.3d at 712.  Moreover,
any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.  Thompson,
9 S.W.3d at 813.  Because the record does not show deficient performance, we
conclude that Appellant has failed to meet the first prong of the Strickland
test.  See id. 

Even
if Appellant had met the first prong of the Strickland test, he
has failed to show that, without the evidence of Eric’s prior convictions, the
result of the proceeding would have been different.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068; Tong, 25 S.W.3d at 712.  In
sentencing Appellant, the trial court stated that Appellant’s history did not
justify a deferred finding of guilt.  Further, the trial court stated that
Appellant’s “father got up and testified to numerous things, all of which are
really suspect to me, based upon what I see in your history.” At that point,
the trial court briefly summarized Appellant’s criminal history since September
2005, which included evading arrest, possession of marijuana, aggravated
assault, driving while intoxicated, unlawful carrying of a weapon, and two
charges each of assault family violence and possession of a controlled
substance.  The trial court also enumerated how many times Appellant had been
sentenced to probation for these charges.  The trial court noted that Eric’s
testimony did not “make or break the issues in this case because the issues . .
. were created long before y’all ever got here to give testimony.”  Then, the
trial court found Appellant guilty of the offense as set forth in the
indictment as to the “recklessly” portion of the charge, made an affirmative
finding of the use of a deadly weapon, and assessed his punishment at thirty
years of imprisonment.

Appellant
asserts that Eric’s prior convictions influenced the trial court’s comment that
Eric’s testimony was “suspect” and difficult to believe.  As such, Appellant
argues that he was harmed because the evidence regarding Eric’s prior
convictions may have reasonably contributed to Appellant’s punishment and that,
but for Eric’s testimony, he would have received a different sentence.  However,
the trial court found that Eric’s testimony regarding Appellant’s brushes with
the law to be of dubious character, not because of Eric’s criminal history, but
because of Appellant’s own criminal history that the trial court had before it.
 In fact, the trial court pointed out that Eric’s testimony did not “make or
break” the issues in the case because Appellant’s criminal history was created
long before the punishment hearing.  Further, we cannot speculate as to whether
the trial court would have assessed a lesser sentence absent the challenged
testimony.  See Schaired v. State, 786 S.W.2d 497, 499 (Tex. App.–Houston
[1st Dist.] 1990, no pet.).  Because Appellant failed to show that the result
of the proceeding would have been different without the evidence of Eric’s
prior convictions, he also has failed to meet the second prong of the Strickland
test.  See Strickland, 466 U.S. at 694, 104 S. Ct.
at 2068; Tong, 25 S.W.3d at 712.  Therefore, even if he had met
the first prong of Strickland, he still could not prevail. 
Appellant=s sole issue is overruled.

 

 

Disposition

The
judgment of the trial court is affirmed.

 

 

 

                                                Sam Griffith

                                                                                    
Justice

 

 

 

Opinion
delivered March 24, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1]
See Tex.
Penal Code Ann. §
22.02(a), (b)(2)(B) (Vernon Supp. 2009).

 





[2] In the indictment, Appellant was
charged with “intentionally, knowingly, or recklessly” causing bodily injury
with a deadly weapon against a public servant.  However, in the stipulation of
evidence, Appellant admitted only to “recklessly” causing bodily injury with a
deadly weapon against a public servant.  Thus, at the conclusion of the
punishment hearing, the trial court found Appellant guilty of the offense as
set forth in the indictment as to the “recklessly” portion of the charge.