S. C. COUCH v. STATE.

No. 26,178. February 25, 1953.

*Grady Hazlewood,* Amarillo, for appellant.

*H. C. Pipkin,* District Attorney, Amarillo, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, life.

The appellant does not question the sufficiency of the evidence to support the conviction, but because it is the policy of this court to always pass upon the same where properly before us, we make the following explanation of our inability to do so in the case at bar.

The statement of facts found in the record does not bear the approval of the trial judge, nor is it agreed to by appellant or his counsel, or by the attorney representing the state, the only manner authorized by Article 759(a), Vernon's Ann. C. C. P., for authenticating this document.

Appellant would have us consider the statement of facts upon his showing that the trial judge and the district attorney now agree that they would approve the same if it were presented to them.

We are not at liberty to ignore the statute which requires

the approved statement of facts to be filed in the trial court within ninety days after notice of appeal.

We have considered statements of facts not so approved and filed, and have ordered reversals upon the grounds that an appellant has been deprived of a statement of facts, but only upon a satisfactory showing that the accused and his counsel have exercised diligence in the matter and that the failure to secure the approval and file the statement of facts in time has been due to no fault or negligence on their part.

There is no showing that appellant or his counsel has been deprived of a statement of facts which can be considered by this court or that diligence has been used in an effort to secure the court's approval of the statement of facts.

Under similar facts, we recently held, in Nelson v. State, No. 25,985, (Page 514, this volume), 257 S.W. (2d) 306, that the statement of facts could not be considered.

The only questions urged by appellant relate to the prosecutor's argument and his cross-examination of appellant.

Bill of Exception No. 1 purports to complain of the opening argument of the district attorney. We find nothing improper in the argument as such.

The bill further complains that the district attorney referred to the prison record of appellant during the course of such argument. As to the objection interposed to such argument, the bill recites, in part, as follows:

". . . one of the attorneys for the defendant, at the very beginning of the argument by the district attorney, above quoted, went to the court's bench and privately objected to said argument by the district attorney on the grounds . . . ."

This court has not approved this manner of objecting to argument. Wood v. State, 142 Tex. Cr. R. 282, 152 S. W. 2d 235. However, we will discuss the question raised.

We note, in the beginning, that the court qualified the bill, in part, as follows:

"It appeared to me that the district attorney never did turn the face of said instrument toward the jury, and that no part

of it was ever in such position as that the jury or any member thereof could read any part of it."

As additional qualification, the trial court attached the interrogation of the district attorney on the motion for new trial relating to his reference to the prison record during the course of his argument. From this, we learn that the prosecutor had in his possession during the course of the trial, along with other papers, a transcript of the former convictions of the appellant prepared by the Texas Department of Public Safety; that he questioned appellant therefrom, and during his argument before the jury he referred to the same; that the face of such record was not exhibited to the jury, nor was the instrument identified to the jury as being any particular record, nor did the prosecutor refer to it as such. The prosecutor testified further that when counsel objected to his reading therefrom he placed it on the counsel table seven or eight feet from the jury box in an upside down position to the jury.

There is an entire absence of any showing in the bill that the jury ever knew the nature of the instrument in question. Such a showing is essential in order to raise the question as to whether reversible error is shown.

As we construe Bill of Exception No. 2, it complains that through the use of the record discussed in the foregoing bill the jury received new evidence. We note from the bill a statement of appellant's counsel as follows: "We just reserve exception to that argument, on anything not in evidence." The bill itself fails to indicate any particular statement which was beyond the scope of the record. It does not appear from the bill that the jury knew the nature of the instrument to which the prosecutor referred or that such use as he made thereof before the jury gave them any information which they had not heard from the witnesses. We also observe that it was stipulated during the course of the trial that all the prior convictions admitted by the defendant while testifying were final convictions and that appellant had served the sentences.

Bill of Exception No. 3 complains of the cross-examination of appellant in which he was interrogated for the purpose of impeaching his credibility concerning prior felony convictions. The questions and answers are not set forth in the bill. The bill contains the recitation that the last felony conviction of the defendant was in 1937. The trial court qualified the bill by cer-

tifying that the defendant testified that he was a convict in the penitentiary of Texas in 1940 and 1941.

There is no showing in the bill as to when the appellant was released from the penitentiary. The indictment charged the offense here involved to have occurred in 1948. The instant trial was held in 1951.

It therefore does not affirmatively appear from the bill that the appellant had been released from the penitentiary at a time sufficiently remote from the instant trial to render such evidence inadmissible. It is now well settled that the time of release from confinement rather than the time of conviction shall control in determining the question of remoteness. Toms v. State, 150 Tex. Cr. R. 264, 200 S.W. 2d 174.

Finding no reversible error, the judgment of the trial court is affirmed.