QUINTON J. RAWLINSON V. STATE

No. 29,101. June 19, 1957.

*Milton K. Norton* and *Curt Stiles,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *A. D. Jim Bowie,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault; the punishment, one year in jail.

State's witnesses testified that the appellant and his brother, acting together, invited the injured party outside and then inflicted serious injuries to his person. It was established without question that the injured party sustained a broken jaw and a small fracture of the skull, remained in the hospital five days, in bed at home for approximately two weeks, and was away from his work for some twelve weeks. Those of the state's witnesses who had ever seen a bull whip had not done so for many years, but their description of the instrument employed was sufficient to authorize the jury to conclude that such was the weapon used, first to whip the injured party and later to inflict injuries to his head by means of blows struck with the stock or handle.

The appellant and his witnesses testified that the injured party was the aggressor, that they acted in self defense, and that the weapon which one of them used was a piece of chrome decoration from the door of an automobile.

The jury resolved this conflict in the evidence against the appellant, and we find the evidence sufficient to sustain the conviction under the second count of the information, which charged the infliction of serious bodily injury.

Bill of Exception No. 1 complains that the injured party was permitted to testify that part of the injuries which he sustained was "a hole in his head." The objection was that there had been no medical evidence in support of such testimony and that the injured party was not an expert. In his brief, the appellant contends that this evidence constituted an inadmissible opinion of a non-expert. We do not so view it. A fundamental rule is that the injured party may describe the injuries which he received if he is able to describe them in simple and non-expert language.

Bill of Exception No. 2 requires more discussion. On cross-examination, the appellant was asked if he had ever before been convicted of a felony in this state. The objection was that, since the offense for which the appellant was then on trial did not involve moral turpitude, such question was improper. The court properly overruled the objection, holding the question proper for the purpose of impeachment. The witness then answered that he had been convicted of a felony 18 or 19 years ago. Appellant's counsel then objected on the ground that the conviction was too remote, stating, "I didn't know anything about all of this," and the court sustained the objection and on his own motion instructed the jury not to consider the question and answer, and further told them that the law considered any such conviction too remote for their consideration. We perceive no error in the bill. It became counsel's duty before the appellant was placed upon the stand to make inquiry concerning such matters and protect the appellant from any improper questions as was attempted in Stevens v. State, 162 Texas Cr. Rep. 19, 280 S.W. 2d 283. There is no showing in the record that the question was asked in bad faith nor is it shown when he was released from the penitentiary on the prior conviction. A bill of exception complaining of such proof must show that the accused had been released from the penitentiary at a time sufficiently remote from instant trial to render such evidence inadmissible. Couch v. State, 158 Texas Cr. Rep. 292, 255 S.W. 2d 223.

Finding no reversible error, the judgment of the trial court is affirmed.