**Phillip RAWLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43620.**

Court of Criminal Appeals of Texas.

March 24, 1971.

Rehearing Denied May 19, 1971.

---

1. The proof shows that the prior conviction was for burglary with intent to commit theft.

Bob Heath, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and James C. Larkin, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault to murder with malice; the punishment, ten (10) years.

In appellant's grounds of error numbered one, two and four, he contends that the evidence is insufficient to sustain the conviction.

The evidence shows that on New Year's Eve, 1967, the deceased, J. D. Ford, and his wife went to Phil's Lounge, which was operated by the appellant. Ford got up from his table, went to the table of Lucius Henry, Jr., where the two men became involved in an argument. Appellant and Mrs. Ford temporarily broke up the argument, and Ford and his wife began to walk to the door. Appellant went back to serving champagne. At this point, Ford turned, went back to Henry's table, and Henry shot Ford in the stomach with a big pistol. Ford gained possession of the pistol after a tussle with Henry. He then hit Henry over the head with the pistol and dropped the pistol; then both men, still tussling, started toward the door. At this point, using his own .38 caliber pistol, appellant began to shoot Henry and Ford, firing approximately five shots. Henry fell to the floor, and Ford ran out the door. One witness testified that appellant last shot Ford as he was running out the door.

Medical and ballistics testimony revealed that Ford was shot four times, that three of the wounds were caused by bullets from appellant's gun, and that one of the wounds was caused by another undetermined gun. One of the wounds resulting from bullets fired from appellant's gun was not sufficient to cause death, but each of the other three wounds was sufficient to have been the cause of death. The pathologist testified that death was, in fact, caused by all three of these wounds.

Appellant's defense at the trial was twofold. First, he attempted to establish that he was acting in self-defense and in defense of the forty or fifty people who were in the lounge. He testified that he did not know that Henry's gun had dropped to the floor and that, when he began to shoot, he thought that either Henry or Ford still had the gun. He stated that, at one point, Henry pointed the gun at him. The court charged on the law of self-defense and the defense of others; by their verdict, the jury indicated that they did not believe that appellant acted in self-defense or defense of another.

Appellant's alternative defense was that the shot fired by Henry, which was shown to have been sufficient to have caused Ford's death, was the shot which actually killed Ford. Appellant was indicted for murder with malice and the jury was charged accordingly. The verdict finding appellant guilty of assault to murder with malice would imply that the jury accepted appellant's theory and therefore, acquitted him of murder with malice. It was not necessary that the State prove that appellant actually killed the deceased, as death of the victim is not an essential element of the offense of assault to murder with malice. Hall v. State, Tex.Cr. App., 418 S.W.2d 810.

We find the evidence sufficient to support appellant's conviction.

**310**

Appellant's third ground of error, while not properly raised in his brief under the provisions of Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., will be briefly discussed. He complains of proof of prior convictions for the purpose of impeachment at the guilt or innocence stage of the trial because they were too remote. To some of the convictions there was no objection. There was no evidence as to the release from confinement under any of these convictions, the most recent of which was a burglary conviction had in 1957, so as to enable this Court to pass upon the question of their remoteness under the rule announced in Couch v. State, 158 Tex.Cr.R. 292, 255 S.W. 2d 223. In Rawlinson v. State, 165 Tex. Cr.R. 84, 303 S.W.2d 796, we said:

"There is no showing in the record that the question was asked in bad faith nor is it shown when he was released from the penitentiary on the prior conviction. A bill of exception complaining of such proof must show that the accused had been released from the penitentiary at a time sufficiently remote from instant trial to render such evidence inadmissible."

The third ground of error is overruled.

Finding no reversible error, the judgment is affirmed.