**Robert Lee HOLT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45484.**

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

T. M. Reid, Abilene, for appellant.

Ed Paynter, Dist. Atty., and Sam Moore, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is attempted forgery; the punishment, five (5) years.

Appellant's first ground of error relates to a prior conviction which was used to impeach him during the guilt or innocence phase of the trial. Specifically, he contends the Court erred in permitting the prosecution to cross-examine him concerning a 1959 felony conviction because it was too remote.

In determining the question of remoteness, the date of appellant's release from confinement controls, rather than the date of conviction. Couch v. State, 158 Tex.Cr.R. 292, 255 S.W.2d 223; Williams v. State, Tex.Cr.App., 449 S.W.2d 264. Appellant testified he was convicted of burglary in Oklahoma in January 1959 and served two years. Appellant's trial, in the case at bar, took place in November 1971. There is no evidence to show when he actually began to serve his sentence or exactly when he was released. Cf. Penix v. State, Tex.Cr.App., 488 S.W.2d 86 (1972); Livingston v. State, 421 S.W.2d 108. Appellant's conviction is, therefore, not remote on its face.

In Rawlins v. State, Tex.Cr.App., 466 S.W.2d 308, we quoted from Rawlinson v. State, 165 Tex.Cr.R. 84, 303 S.W.2d 796, and concluded as we do here, that:

"There is no showing in the record that the question was asked in bad faith nor is it shown when he was released from the penitentiary on the prior conviction. A bill of exception complaining of such proof must show that the accused had been released from the penitentiary at a time sufficiently remote from instant trial to render such evidence inadmissible."

Appellant's second ground of error is multifarious. It does not "set forth separately each ground of error" in compliance with Article 40.09, Section 9, Vernon's Ann.C.C.P., and will not be discussed.

Finding no reversible error, the judgment is affirmed.