**Roosevelt REEVES, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46891.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Rehearing Denied Nov. 14, 1973.

Jim Tatum and Joe L. Guyton, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Ronald G. Woods, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant was convicted, in a trial before a jury, of possession of heroin. His punishment, under the provisions of Art. 63, Vernon's Ann.P.C., was assessed at life.

Appellant does not question the sufficiency of the evidence.

In two grounds, he contends that the court erred to his prejudice in admitting in evidence, at the guilt stage for impeachment, and at the punishment stage as a part of his criminal record, ten prior convictions of felonies. It is appellant's posi-

tion that the record reflects that he was not represented by counsel at the trials of these ten cases, did not waive counsel, and was indigent.

After the State had rested on the guilt stage, appellant took the stand, denied his guilt, and testified that he had been "framed" by the arresting officer. On cross-examination, the State proposed to question him about ten convictions of felonies, all on August 13, 1953,[1] in the Criminal District Court of Harris County on pleas of guilty. A hearing on appellant's motion in limine was had in the absence of the jury. The State took the position that appellant was represented in these 1953 cases by attorney Otis Scruggs of Houston.

At the hearing, appellant testified that he had no attorney in the trials in 1953, that he had no money and could not afford to employ an attorney, that the court did not advise him of his right to have an attorney appointed, and he did not know he had such right, and that he did not waive his right to an attorney.

Attorney Otis Scruggs, as a defense witness, testified that he had no independent recollection of having represented appellant in these cases, but that he would not say he had not done so. He was in the practice of criminal law in the Harris County courts in 1953 and for several years prior to that time and to the date of this trial. Judge Langston King, who presided at the trials in question, had appointed him at least once as attorney in a criminal case. He said it would be very unusual for him to plead a defendant guilty to ten felonies in one day, but he did not say he had not done so.

The penitentiary packets were introduced, and appellant admitted he was the defendant in each of the cases. The judgment in each case recited that appellant appeared in person and by counsel. Appellant's exhibits in each case included a jury waiver signed by the prosecuting attorney, and bearing the notation "Defts. atty. O. Scruggs." The clerk of the court testified that the docket sheet, which was placed in evidence, in one of the cases showed in the margin that the defense attorney was "Scruggs." Attorney Scruggs testified that in his opinion the name of "O. Scruggs" as defense attorney appearing on the jury waivers was not his signature, and that he had not signed said waiver.

The trial court filed written findings after the hearing, in which it expressly found that in the 1953 trials the defendant, this appellant, was represented by counsel at the trials and at the sentencing. The court found further orally that:

"I find that they (the waivers of jury) do not bear his (Scruggs) true signature, but that they do bear his name which is an indication to the Court coupled with the additional testimony that is before the court that he was counsel for the Defendant."

The evidence before the trial court is sufficient to support the finding that appellant, in the 1953 trials, was represented by a lawyer. We have consistently held that the testimony of an appellant is insufficient to overcome the presumption of regularity of the records. Harvey v. State, Tex.Cr.App., 485 S.W.2d 907; Perkins v. State, Tex.Cr.App., 493 S.W.2d 851; Martinez v. State, Tex.Cr.App., 469 S.W.2d 185; Blake v. State, Tex.Cr.App., 468 S.W.2d 400; Tinsley v. State, Tex.Cr.App., 461 S.W.2d 605; Landrum v. State, Tex.Cr.App., 456 S.W.2d 914. Attorney Scruggs' testimony does not dispute the record wherein his name is entered.

Appellant stresses the finding of the trial court that the notation of O. Scruggs as appellant's lawyer on the waivers of

---

1. The State proved six other felony convictions at various times between the release of appellant on these 10 cases and the date of the trial, and at no time did a sufficient time intervene to allow these 1953 convictions to be subject to the objection of remoteness. Holt v. State, 487 S.W.2d 725.

jury was not written by Scruggs. Prior to the effective date of the present Code of Criminal Procedure in 1966, it was not necessary that the defendant or his attorney sign a written waiver of trial by jury. It was sufficient that the waiver be made in open court by the defendant in person with the consent of the court, and with the written, signed, approval and consent of the attorney representing the State. Article 10a, V.A.C.C.P., 1925, Acts of 1931. The fact that the waivers of jury filed in the papers of the causes specified that O. Scruggs was defendant's attorney is evidence to be considered by the trial court in passing on the issue of fact made by the testimony of appellant. Harvey v. State, supra.

On the record before us, the evidence of appellant's ten final convictions for felony offenses in 1953 was properly admitted by the court, on the guilt stage for impeachment purposes, and on the punishment stage as a part of his criminal record.[2]

The judgment is affirmed.

Opinion approved by the Court.

2. See White v. State, No. 47,485, October 17, 1973.