James Edward STEWART, Appellant,

v.

The STATE of Texas, Appellee.

No. 46890.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Rehearing Denied Jan. 16, 1974.

---

2. The prescription bottle in question was apparently returned to appellant and not introduced into evidence.

---

H. R. Rolston, Lufkin, for appellant.

Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is the unlawful sale of marihuana; punishment, set by the court, seven (7) years.

Appellant raises only one ground of error, complaining that the trial court erred in allowing the State to impeach appellant with a prior felony conviction because it was too remote.

■ ■ In determining the question of remoteness, the date of appellant's release from confinement controls rather than the date of conviction. Couch v. State, 158 Tex.Cr.R. 292, 255 S.W.2d 223; Williams v. State, Tex.Cr.App., 449 S.W.2d 264. Testimony was elicited from appellant that he was convicted of possession of marihuana in September 1958. Appellant's trial, in the case at bar, took place in January 1972. There is no evidence to show when he actually began to serve his sentence or exactly when he was released. Appellant's conviction is, therefore, not remote. Cf. Penix v. State, Tex.Cr.App., 488 S.W.2d 86.

In Holt v. State, Tex.Cr.App., 487 S.W. 2d 725, we quoted from Rawlinson v. State, 165 Tex.Cr.R. 84, 303 S.W.2d 796, and concluded, as we do here, that:

"There is no showing in the record that the question was asked in bad faith nor is it shown when he was released from the penitentiary on the prior conviction. A bill of exception complaining of such proof must show that the accused had been released from the penitentiary at a time sufficiently remote from instant trial to render such evidence inadmissible."

The only testimony concerning appellant's release was that developed during the punishment phase when appellant testified as to how much time he had spent in prison. This testimony, at that time, could have been no help to the trial court who had already ruled and the objection was not renewed. Testimony relative to appellant's release should properly have been developed at the time the trial judge made his ruling.

Finding no reversible error, the judgment is affirmed.