

**NUMBER 13-09-00506-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**THE STATE OF TEXAS,**                                                **Appellant,**

**v.**

**CRISTELA GARCIA,**                                                **Appellee.**

---

**On appeal from the 449th District Court of
Hidalgo County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion by Justice Yañez**

The trial court granted appellee Cristela Garcia's application for writ of habeas corpus.[1]  By two issues, the State contends that the trial court abused its discretion in granting the writ because appellee:  (1) failed to meet her burden to prove that her guilty

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2005).

plea was not made knowingly and voluntarily; and (2) is barred by the doctrine of laches from obtaining habeas corpus relief. We reverse the trial court's judgment and deny habeas corpus relief.

## I. Background

On May 8, 1986, appellee pleaded guilty to theft of property valued more than $750 but less than $20,000, a third-degree felony.[2] The trial court sentenced appellee to five years' imprisonment, suspended the sentence, and placed her on community supervision for five years.[3] Twenty-three years later, on May 20, 2009, appellee filed a petition for writ of habeas corpus alleging that her plea was not made voluntarily and intelligently because, among other reasons, she: (1) claims she was not admonished by the trial court as to the range of punishment or consequences of her plea; (2) believed she was being processed as a juvenile; and (3) was "too mentally immature, frightened, and confused to understand what was going on."[4]

On July 15, 2009, the trial court held an evidentiary hearing, at which appellee testified.[5] At the hearing, appellee testified that she recently discovered that she has a felony conviction when her application for a permit to carry a concealed weapon was rejected. Appellee testified that when she pleaded guilty to theft, she believed she was a

---

[2] *See* Act of June 14, 1985, 69th Leg., R.S., ch. 599, § 1, § 31.03(e)(4), 1985 Tex. Gen. Laws 2224, 2225 (current version at TEX. PENAL CODE ANN. § 31.03 (Vernon Supp. 2009)).

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3 (Vernon Supp. 2009).

[4] Appellee was eighteen years old when she pleaded guilty to the theft charge; the record shows she had pleaded guilty to an earlier charge for possession of marihuana and was placed on deferred adjudication community supervision as an adult.

[5] The clerk's record shows that appellee's petition for writ of habeas corpus was filed in the 139th District Court of Hidalgo County. After the presiding judge of that court, the Honorable Roberto "Bobby" Flores, determined that he may have a conflict, the cause was transferred to the 449th District Court of Hidalgo County, with the Honorable Jesse Contreras presiding.

juvenile, "did not know the consequences," and "was told just to sign and that [she would] get probation." She stated that her attorney did not advise her of the punishment range for the offense. On cross-examination, appellee stated she did not remember being charged with possession of marihuana or being placed on deferred-adjudication probation for the offense. She testified that she recalls reporting to a probation officer, but "was under the impression [she] was a juvenile."[6] She also admitted that she does not know what "admonishments" are. Appellee testified that she has served on at least two juries. Appellee's counsel argued that there is no record that appellee received admonishments, including the range-of-punishment admonishment, "which is required under 26[.]13."[7]

The State argued that appellee's claim is barred by the doctrine of laches. The State noted that the presiding judge in the underlying case, the late Honorable Raul Longoria, is deceased and the reporter's record no longer exists. The State also argued that there is a presumption of regularity with respect to guilty pleas and that appellee's testimony alone is insufficient to overcome the presumption.[8] The State also noted that article 26.13(d) of the code of criminal procedure, which requires a statement signed by the defendant if the court makes admonitions in writing, is not applicable because it was not

---

[6] The State questioned appellee about documents showing that prior to her possession of marihuana and theft offenses, for which she was charged as an adult, she was processed as a juvenile for five other offenses in 1981 and 1982.

[7] *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon Supp. 2009). That article now provides:

The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of the plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.

*Id.*

[8] *See Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986).

3

in effect at the time of appellee's plea.[9]

Appellee and the State both submitted exhibits at the hearing. The State submitted: (1) the April 1985 order granting appellee deferred adjudication adult probation on the possession of marihuana charge, showing that she was processed as an adult in a prior criminal proceeding; (2) a document in the marihuana matter, signed by appellee, establishing that the "Adult Probation Department" informed her of a modification to the terms of her probation; and (3) a "Waiver of Arraignment" signed by appellee in the marihuana case. Appellee submitted: (1) the May 8, 1986 judgment in the theft offense, which recites that appellee pleaded guilty and "was admonished by the Court of the consequences of said plea, including the range of punishment"; (2) a waiver of jury trial and application for probation signed by appellee in the theft offense; and (3) a "Stipulation of Evidence" and judicial confession signed by appellee in the theft offense.

On August 27, 2009, the trial court issued findings of fact and conclusions of law and granted appellee's petition for writ of habeas corpus. The State appealed.[10]

## II. Standard of Review and Applicable Law

An applicant seeking habeas corpus bears the burden to prove his entitlement to the relief he seeks by a preponderance of the evidence.[11] We review the evidence presented in the light most favorable to the trial court's ruling for an abuse of discretion.[12] In conducting our review, we afford almost total deference to the trial court's determination

---

[9] The State is correct. Paragraph (d) of article 26.13 of the code of criminal procedure was passed in June 1987 and became effective on August 1, 1987. See Act of June 17, 1987, 70th Leg., R.S., ch. 443, § 1, 1987 Tex. Gen. Laws 2021, 2023 (current version at TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon Supp. 2009)).

[10] See TEX. CODE CRIM. PROC. ANN. art. 44.01(k) (Vernon Supp. 2009) (providing State may appeal an order granting relief to applicant for habeas corpus relief).

[11] Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

[12] Id.

of the historical facts the record supports, especially when the fact findings require an evaluation of credibility and demeanor.[13] The trial court's determinations of historical fact are entitled to some deference even when the court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts.[14] However, if the trial court's findings of fact are not supported by the record, then we may reject its findings.[15] We afford almost total deference to the trial court's application of the law to the facts if the resolution of the ultimate question turns on an evaluation of credibility and demeanor.[16] If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo.[17] We must affirm a trial court's ruling if it is correct under any theory of law applicable to the case even if the trial court gives the wrong reason for its ruling.[18]

In a habeas case, the applicant bears the burden of proving facts that would entitle him to relief and ensuring that a sufficient record is presented to show error requiring reversal.[19] A habeas applicant's sworn allegations alone are insufficient proof of the applicant's claims.[20] Delay in seeking habeas corpus relief may prejudice the credibility of

---

[13] *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006).

[14] *Manzi v. State*, 88 S.W.3d 240, 243-44 (Tex. Crim. App. 2002).

[15] *Ex parte Briseno*, 135 S.W.3d 1, 13 (Tex. Crim. App. 2004).

[16] *Ex parte Garza*, 192 S.W.3d 658, 660-61 (Tex. App.–Corpus Christi 2006, no pet.)

[17] *Id.* at 661.

[18] *See Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

[19] *See Ex parte Chandler*, 182 S.W.3d 350, 353 n.2 (Tex. Crim. App. 2005); *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993).

[20] *See Ex parte Evans*, 964 S.W.2d 643, 648 (Tex. Crim. App. 1998) ("there is nothing in the record to support any of the trial court's findings" where "[t]he only item in the record regarding these claims are Applicant's sworn allegations. Even sworn allegations are not alone sufficient proof") (citing *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988)).

5

the applicant's claim.[21] Under the doctrine of laches, an application for writ of habeas corpus may be denied if the State proves it has been prejudiced in its ability to respond to the application by the applicant's delay in filing the application unless the applicant shows that the delay was based on grounds which he could not have known before the State was prejudiced.[22] To prevail on a claim of laches, the State must: (1) make a particularized showing of prejudice; (2) show that the prejudice was caused by the applicant having filed a late petition; and (3) show that the applicant has not acted with reasonable diligence as a matter of law.[23] The length of delay alone will not constitute either unreasonableness of delay or prejudice.[24]

### III. Discussion

The trial court entered the following findings of fact and conclusions of law:

1.  Despite the approximate 23 year period that has elapsed since the Applicant's plea of guilty in 1986, Applicant sought relief and filed her Application for Writ herein in a timely fashion and with reasonable diligence. Applicant was unaware of her felony adult conviction until she was recently advised of the such [sic] when she applied for a concealed weapon license, approximately three months prior to the filing [of] her Application herein. Applicant's lack of knowledge of her conviction is <u>supported by her unchallenged testimony that she has served on three Hidalgo County juries since her plea, including criminal juries wherein defendants were found guilty.</u> The Applicant had a prior juvenile history and a prior *misdemeanor* adult conviction at the time of her plea in 1986, however, the 139th District Court, like all other Hidalgo County District Courts at the time, handled both juvenile and adult *felony* proceedings, and that there is merit to Applicant's testimony that she believed she was being processed as a juvenile at the time of her plea. Additionally, although much time has passed since the plea in 1986, the State provided no evidence to

---

[21] *Kniatt*, 206 S.W.3d at 664.

[22] *See Ex parte Carrio*, 992 S.W.2d 486, 487 (Tex. Crim. App. 1999).

[23] *See id.* at 488.

[24] *Id.*

6

show that the State is prejudiced by the setting aside of the plea, judgment and sentence. There is no evidence that the State's case could not be presented in a new trial. For the aforementioned reasons, Applicant's claim is not barred by the equitable doctrine of laches.

2.  Applicant's plea of guilty was made involuntarily, unintelligently, and unknowingly. In addition to believing that she was being processed as a juvenile, at the time of the plea, Applicant was a high[-]school student who mechanically followed her attorney'[s] request to sign and plea as he directed because she was going to be on probation. Attributable to her status as a high[-]school student, history with juvenile probation, immaturity and drug use, Applicant's plea of guilty was made pursuant to her limited understanding that she would get probation on a juvenile case. Applicant therefore was unaware that she was going to have an adult felony conviction, said conviction being a direct consequence of her plea.

3.  The Court has considered the case law submitted by the State in reference to the *presumption of regularity* and the Applicant's burden of proof. However, unlike *Wilson, Brown, Reeves,* and *Young*, Applicant's complaint is not about the regularity of the proceedings as much as it is about her basic misunderstanding of what kind of proceeding it was. *Ex parte Wilson*, 716 S.W.2d 953 (Tex. Crim. App. 1986); *Brown v. State*, [917] S.W.2d 387 (Tex. App.–Fort Worth 1996, no pet.); *Reeves v. State*, 500 S.W.2d 648 (Tex. Crim. App. 1973); *Ex parte Young*, 479 S.W.2d 45 (Tex. Crim. App. 1972). Additionally, unlike *Wilson, Brown, Reeves,* and *Young*[,] Applicant has provided evidence beyond the plea proceedings to support her argument that her plea was involuntary. Here, the Court particularly finds Applicant's unchallenged testimony that she has served as a convicting criminal juror since her plea to be compelling and credible evidence that she was unaware of her conviction at the time of her plea.

ORDER

Having considered the pleadings, the record, and arguments of counsel, the Court HEREBY FINDS that Applicant's plea of guilty was made involuntarily, unintelligently, and unknowingly. Applicant's requested relief is proper and should be GRANTED.[25]

By its first issue, the State contends that appellee has failed to prove her claims by a preponderance of the evidence. We agree. The trial court found that appellee's guilty

---

[25] Emphasis in original.

plea was made "involuntarily, unintelligently, and unknowingly" and that she pleaded guilty unaware that she would have an adult felony conviction as a consequence. Here, as in *Ex parte Evans*, the only "evidence" in the record regarding appellee's claims is her own sworn testimony, which is insufficient by itself.[26] Although appellee testified that she was not admonished by the trial court about the range of punishment or the consequences of her plea, she also stated that she does not understand what admonishments are. The only other evidence in the record as to admonishments—presented by appellee—is the May 8, 1986 judgment that recites that she "was admonished by the Court of the consequences of [her guilty plea], including the range of punishment." Recitations in the judgment and other portions of the record are binding on an appellant in the absence of direct proof to the contrary, and the appellant has the burden of overcoming the presumptions raised by the record in such cases.[27] Although appellee testified that she was not orally admonished by the trial court as to the range of punishment or consequences of her plea, the record suggests otherwise; because of the lengthy delay in asserting her claim, the reporter's record—which would show whether she was orally admonished—is no longer available, and the trial court judge is deceased.[28]

We hold that appellee's sworn allegations are insufficient proof of her claims.[29] Because the trial court's findings are not supported by the record, we reject its findings.[30]

---

[26] *See Ex parte Evans*, 964 S.W.2d at 648.

[27] *Brown v. State*, 917 S.W.2d 387, 390 (Tex. App.–Fort Worth 1996, no pet.).

[28] *See* TEX. GOV'T CODE ANN. § 52.046(a)(4) (Vernon 2005) (providing that a court reporter preserve notes of a proceeding for three years).

[29] *See Ex parte Evans*, 964 S.W.2d at 648; *Ex parte Empey*, 757 S.W.2d at 771.

[30] *See Ex parte Briseno*, 135 S.W.3d at 13.

## IV. Conclusion

We sustain the State's first issue, reverse the trial court's judgment, and render judgment that habeas corpus relief is denied.

Because of our disposition of the State's first issue, we need not address its second issue.[31]

 

LINDA REYNA YAÑEZ
JUSTICE

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
31st day of August, 2010.

---

[31] *See* TEX. R. APP. P. 47.1. Although we do not address the State's contention that appellee's claims are barred by the doctrine of laches, we note that this case is remarkably similar to a habeas claim recently denied by the court of criminal appeals. *See Ex parte Nelson*, No. WR-36,989-02, 2008 Tex. Crim. App. Unpub. LEXIS 636, at *4 (Tex. Crim. App. Sept. 10, 2008) (per curiam). In that case, the habeas applicant claimed his plea of guilty was involuntary because defense counsel and the trial court advised him he would receive a sentence of not more than ten years if he pleaded guilty. *Id.* at *1. In denying habeas corpus relief, the court of criminal appeals noted:

> The habeas court's finding that the evidence does not show any particularized prejudice to the State's ability to respond is a finding of fact that should be followed if it is supported by the record. *Ex parte Brandley*, 781 S.W.2d 886 (Tex. Crim. App. 1989). Here, however, this finding is not supported by the record. The reporter's record and defense counsel's records are no longer available. Those records would show whether the court's customary practice was followed in Applicant's case and whether Applicant was correctly informed of the terms of the plea bargain. In short, the evidence that would be most responsive to Applicant's claim has been lost as a result of Applicant's delay in bringing the claim.

*Id.* at *4.