

**NUMBER
13-09-00506-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## EX PARTE CRISTELA GARCIA

---

**On appeal from the 449th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION ON REMAND

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion on Remand by Justice Garza**

This case is before us on remand from the Texas Court of Criminal Appeals. Appellee, Cristela Garcia, filed an application for writ of habeas corpus alleging that her guilty plea to felony theft twenty-five years ago was involuntary. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2005). The trial court granted relief. This Court reversed, finding that appellee's testimony alone was insufficient to support the trial court's ruling. *See State v. Garcia*, No. 13-09-00506-CR, 2010 Tex. App. LEXIS 7119, at *13 (Tex. App.—Corpus Christi Aug. 31, 2010) (mem. op., not designated for publication), *rev'd by Ex parte Garcia*, No. PD-1658-10, 2011 Tex. Crim. App. LEXIS 1161, at *11 (Tex.

Crim. App. Sept. 14, 2011).

The court of criminal appeals reversed, holding that "an applicant's live, sworn testimony can be a basis for upholding a trial court's decision to grant relief in an article 11.072 habeas proceeding." *See Garcia*, 2011 Tex. Crim. App. LEXIS 1161, at *11. The court of criminal appeals remanded the case to this Court to decide: (1) "whether appellee's testimony was in fact a sufficient basis for upholding the trial court's decision," and (2) whether appellee's claim for habeas relief is barred by the doctrine of laches. *See id.* We affirm the trial court's judgment.

## I. BACKGROUND

We adopt the background facts as stated by the court of criminal appeals:

> In 1986 at the age of 18, appellee pled guilty to theft of property valued at more than $750 and less than $20,000, a third-degree felony. She was sentenced to five years, but imposition of that sentence was suspended and she was placed on probation. She was released from probation in 1990. In 2009, she filed an application for habeas corpus under article 11.072 [of the code of criminal procedure], alleging that her plea was involuntary because she did not know that she was being prosecuted as an adult and was too confused and immature to understand the court's admonishments or the consequences of her plea.
>
> At an evidentiary hearing on her writ application, appellee testified that when she pled guilty she believed she was doing so as a juvenile, she did not understand the consequences of her plea, and she was instructed by her counsel just "to sign and that [she would] get probation." She further testified that she learned of her status as a felon only when she was denied an application to carry a concealed handgun. She also explained that, since her guilty plea, she had served as a juror on two or three occasions and was a state notary. The State explained that the presiding judge from the 1986 guilty plea had since died and the reporter's records no longer existed.
>
> The trial court entered findings of fact and conclusions of law in appellee's favor and granted relief.

*Id.* at **1–3.

The trial court entered the following findings of fact and conclusions of law:

2

1.   Despite the approximate 23 year period that has elapsed since the Applicant's plea of guilty in 1986, Applicant sought relief and filed her Application for Writ herein in a timely fashion and with reasonable diligence.  Applicant was unaware of her felony adult conviction until she was recently advised of the such [sic] when she applied for a concealed weapon license, approximately three months prior to the filing [of] her Application herein.  Applicant's lack of knowledge of her conviction is supported by her unchallenged testimony that she has served on three Hidalgo County juries since her plea, including criminal juries wherein defendants were found guilty.  The Applicant had a prior juvenile history and a prior misdemeanor adult conviction at the time of her plea in 1986, however, the 139th District Court, like all other Hidalgo County District Courts at the time, handled both juvenile and adult felony proceedings, and that there is merit to Applicant's testimony that she believed she was being processed as a juvenile at the time of her plea.  Additionally, although much time has passed since the plea in 1986, the State provided no evidence to show that the State is prejudiced by the setting aside of the plea, judgment and sentence.  There is no evidence that the State's case could not be presented in a new trial.  For the aforementioned reasons, Applicant's claim is not barred by the equitable doctrine of laches.

2.   Applicant's plea of guilty was made involuntarily, unintelligently, and unknowingly.  In addition to believing that she was being processed as a juvenile, at the time of the plea, Applicant was a high[−]school student who mechanically followed her attorney'[s] request to sign and plea[d] as he directed because she was going to be on probation.  Attributable to her status as a high[−]school student, history with juvenile probation, immaturity and drug use, Applicant's plea of guilty was made pursuant to her limited understanding that she would get probation on a juvenile case. Applicant therefore was unaware that she was going to have an adult felony conviction, said conviction being a direct consequence of her plea.

3.   The Court has considered the case law submitted by the State in reference to the presumption of regularity and the Applicant's burden of proof.  However, unlike *Wilson*, *Brown*, *Reeves*, and *Young*, Applicant's complaint is not about the regularity of the proceedings as much as it is about her basic misunderstanding of what kind of proceeding it was.  *Ex parte Wilson*, 716 S.W.2d 953 (Tex. Crim. App. 1986); *Brown v. State*, [917] S.W.2d 387 (Tex. App.—Fort Worth 1996, no pet.); *Reeves v. State*, 500 S.W.2d 648 (Tex. Crim. App. 1973); *Ex parte Young*, 479 S.W.2d 45 (Tex. Crim. App. 1972).  Additionally, unlike *Wilson*, *Brown*, *Reeves*, and *Young*[,] Applicant has provided evidence beyond the plea proceedings to support her argument that her plea was involuntary.  Here, the Court particularly finds Applicant's unchallenged testimony that she has served as a convicting criminal juror since her plea to be compelling and credible evidence that she was unaware of her conviction at the time of her plea.

3

Based on its findings and conclusions, the trial court entered the following order: "Having considered the pleadings, the record, and arguments of counsel, the Court HEREBY FINDS that Applicant's plea of guilty was made involuntarily, unintelligently, and unknowingly. Applicant's requested relief is proper and should be GRANTED."

## II. EVIDENCE SUPPORTING TRIAL COURT'S RULING

### A. Standard of Review and Applicable Law

We first address, as the court of criminal appeals instructed, "whether appellee's testimony was in fact a sufficient basis for upholding the trial court's decision." *Id.* at *11. An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The court of criminal appeals clarified that the *Guzman* standard applies in the context of an article 11.072 habeas case. *See Garcia*, 2011 Tex. App. LEXIS 1161, at *6 ("In an article 11.072 habeas case, however, the trial judge is the sole finder of fact. There is less leeway in an article 11.072 context to disregard the findings of a trial court. . . . [I]t makes sense as a matter of logic that the *Guzman* standard would control.") (footnotes omitted) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). The court of criminal appeals restated the applicable *Guzman* standard as follows:

> "[A]s a general rule, the appellate courts, including this Court, should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor." In stating this "general rule" in *Guzman*, we did not explicitly limit it to the suppression–of–evidence context before us in that case, and we have applied it in numerous other contexts. Under the rule of deference, a fact–finder can rule in a defendant's favor based solely upon the defendant's

4

own testimony if crediting the defendant's testimony would logically show that the defendant is entitled to relief.

*Id.* at **3–4 (footnotes omitted) (quoting *Guzman*, 955 S.W.2d at 89).

### B. Discussion

Here, the trial court found that appellant's guilty plea was made involuntarily, unintelligently, and unknowingly. This finding is supported by the record because appellee testified that she: (1) was unaware when she pleaded guilty that she was to be found guilty as an adult; (2) signed the plea documents because she was told that if she did, she would receive probation; and (3) "was under the impression that [she] was a juvenile" when she pleaded guilty. Appellee also testified that she recently learned that she had an adult felony conviction on her record when she was denied a concealed weapon license. Appellee was the only witness at the evidentiary hearing on her writ application; the State presented no witnesses. In its findings of fact, the trial court found that appellee's lack of knowledge of her conviction "is supported by her unchallenged testimony that she has served on three Hidalgo County juries since her plea . . . ."

Viewing the evidence in the light most favorable to the trial court's ruling, *see Kniatt*, 206 S.W.3d at 664, and affording appropriate deference to the trial court's fact findings, we hold that appellee's testimony was sufficient to support the trial court's ruling. We overrule the State's first issue.

### III. LACHES

By its second issue, the State contends that the trial court abused its discretion in granting appellee's writ because her claim is barred by the doctrine of laches. The State argues that it has been substantially prejudiced in its ability to respond to appellee's allegations because the reporter's record of the plea proceedings is

5

unavailable, the judge presiding over the plea proceedings is deceased, the State's attorney who handled the case no longer works at the District Attorney's office, and it is unlikely that anyone present at the plea proceedings would remember whether appellee was properly admonished of the direct consequences of her guilty plea. The State also argues that although "[t]he trial court found [a]ppellee's testimony [regarding jury service] to be compelling evidence that she was unaware of her conviction at the time of her plea," appellee did not provide "any evidence of her jury service, other than her own self-serving testimony."

## A. Standard of Review and Applicable Law

The court of criminal appeals has held that the equitable doctrine of laches should be employed in a determination of whether to grant habeas corpus relief. *Ex parte Carrio*, 992 S.W.2d 486, 488 (Tex. Crim. App. 1999) (approving the federal rules pertaining to laches in assessing the consequences of delay in applications for writ of habeas corpus and adopting the elements as set out by the Fifth Circuit that the State must prove to support a claim of laches) (citing *Walters v. Scott*, 21 F.3d 683, 686–87 (5th Cir. 1994)).

> The doctrine of laches is based upon the maxim that equity aids the vigilant and not those who slumber on their rights. It is defined as neglect to assert right or claim which, taken together with lapse of time and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity. Also, it is the neglect for an unreasonable and unexplained length of time under circumstances permitting diligence, to do what in law, should have been done.

*Id.* at 487 n.2 (internal quotations omitted).

To prevail on a theory of laches, the State must make a particularized showing of prejudice. *Id.* at 488. "The type of prejudice the State must show is prejudice in its ability to respond to the allegations in the petition." *Id.* "The doctrine of laches concerns

6

prejudice, not mere passage of time," *id.* at 488 n.3, and "the length of delay alone will not constitute either unreasonableness of delay or prejudice. *Id.* at 488. To rely on the absence of the reporter's record, the State must show that the substance of the record is unavailable from other sources. *Walters*, 21 F.3d at 688 ("Assuming for the moment that the death of the court reporter and unavailability of records is a possible source of prejudice to the state, we must hold that factor legally insufficient because the state has not proved that it was actually prejudiced. If the state wishes to establish prejudice from the death of the court reporter and the unavailability of the court reporter's records, it must also establish that the substance of those records is unavailable from other sources."); *McDonnell v. Estelle*, 666 F.2d 246, 253 (5th Cir. 1982) ("[P]rejudice resulting from the judge's death occurs only if there are no other sources from which the state can obtain the requisite information to counter the petitioner's claim."); *see also Ex parte Rodriguez*, No. 2-07-079-CV, 2008 Tex. App. LEXIS 4602, at **11–12 (Tex. App.—Fort Worth June 19, 2008, pet. denied) (mem. op.) ("The State has not shown that the information regarding the admonishments, presumably on the trial record, could not have been reproduced from other sources. Because the State has not made a particularized showing of prejudice, and in the case of the judge's alleged memory problems that Rodriguez's delay caused the prejudice, we reject its argument that habeas corpus relief is barred by laches . . . .").

## B. Discussion

Here, the State argued that it was prejudiced because the reporter's record was unavailable, but it did not show that the substance of the record is unavailable from other sources. Although the judge presiding at appellee's plea proceedings is deceased, the State did not present any evidence that the prosecuting attorney,

7

appellee's attorney, or the court reporter were unavailable to testify at the habeas corpus proceeding. In fact, appellee's counsel noted at the evidentiary hearing that the lawyer who represented appellee at the plea proceedings and the State's then prosecuting attorney (although no longer working at the District Attorney's office) "are still present and well known to this community and to this court," and the State could have subpoenaed them as witnesses, but chose not to do so.

We conclude that the State did not show that the substance of the record was unavailable from other sources. *See Walters*, 21 F.3d at 688. Therefore, because the State did not make a particularized showing of prejudice, the trial court did not abuse its discretion in finding that appellee's claim was not barred due to laches. *See Ex parte Carrio*, 992 S.W.2d at 488. We overrule the State's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
15th day of December, 2011.